⑧
RB 8/23/0

1  Naren Chaganti, Esq. (SBN #209347)
   345 Sheridan Avenue, Suite 308
2  Palo Alto, CA 94306
   (650) 248-7011 phone
3  (650) 838-0586 fax

4  Attorney for Plaintiff

FILED
HARRISBURG, PA

AUG 2 2 2002

Per _____
ANDREA, CLERK
Deputy Clerk

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

8                      HARRISBURG DIVISION

8   Pennar Software Corporation          ) CIV. NO.  CV-02-413 (SHR)
                                         )
9            Plaintiff,                   )
                                         )
10                                        ) **MEMORANDUM OF POINTS AND**
                                          ) **AUTHORITIES IN SUPPORT OF**
11      v.                                ) **PLAINTIFF'S MOTION TO COMPEL**
                                          ) **FURTHER DISCOVERY AND FOR**
12                                        ) **SANCTIONS**
    Fortune 500 Systems, Ltd.            )
13                                        ) **Hearing Date:**
             Defendant                    ) **Time: 9:30 AM**
14  _____) **Court: Hon. Judge Rambo**

15

16                          INTRODUCTION

17        By not responding to Plaintiff's discovery requests and by failing
    to admit undisputed facts, Defendant engaged in tactics that
18  violated Judge Laporte's order in this matter.  Plaintiff's discovery
    is hampered because Defendant did not produce documents of its
19  financial transactions relevant to the instant causes of action.
    Therefore Plaintiff moves to compel further responses and for
20  sanctions.

21

22

23

24

25

## BACKGROUND

This case arose out of an employment-related agency relationship. Plaintiff is a Virginia Corporation that contracted to provide the services of its employee to Defendant for the benefit of a Third Party. A written contract specified that Defendant shall pay Plaintiff $35 per hour for each hour that Plaintiff's employee worked. When Defendant did not pay the amount, Plaintiff brought this suit. Plaintiff found that Defendant directly paid Plaintiff's employee, prevented Plaintiff's employee from providing time records to Plaintiff, and refused to make payment to Plaintiff under the contract. Therefore, Plaintiff sued for breach of contract, and in the alternative, for unjust enrichment; fraud; conspiracy to commit injury to a business; and tortious interference.

Defendant opposed personal jurisdiction and thereafter deleted computer evidence showing its contacts with California. Magistrate Judge Laporte sanctioned Defendant for its spoliation of evidence and cautioned that Defendant must not engage in any further discovery abuse.

In November 2001, Plaintiff propounded its discovery requests. In December 2001 and January 2002, Plaintiff and Defendant had several discussions regarding these discovery requests. Plaintiff sought to bring a motion to compel further responses to its discovery request, but the Honorable Court (Magistrate Judge Laporte, N.D.Cal.) transferred this case to the Middle District of Pennsylvania and denied Plaintiff's motion without prejudice.

Plaintiff attempted several times to continue prosecuting this case. In June 2002, Defendant's counsel resigned. Several times in June and July 2002, Plaintiff attempted to meet and confer with Ken Kendre, President of Defendant, via telephone, to discuss compliance by Defendant. On August 7, 2002, Plaintiff wrote a detailed letter identifying the areas of noncompliance. The only response from Mr. Kendre was that he would "get back to [plaintiff] soon". But he never called back or recruited another attorney to defend his company.

Plaintiff's prosecution is hampered because Defendant did not seek help from legal counsel. The result is that, after nine months, Defendant has not produced the documents it should have produced a long time ago. Therefore Plaintiff brings this motion.

## ARGUMENT

Pursuant to Rules 26 (Initial Disclosures) and 37(a) of the Federal Rules of Civil Procedure, Plaintiff submits this memorandum in support of its motion to compel further responses to discovery requests. As detailed above, Plaintiff has consulted with counsel for Defendant and has been unable to resolve this matter through discussions. Plaintiff reserves the right to move to compel responses to matters for which responses are not explicitly requested herein.

### DEFENDANT FAILED TO IDENTIFY THE CATEGORIES OF RELEVANT DOCUMENTS IN ITS RULE 26 DISCLOSURES

The Defendant's disclosure does not comply with the letter of Rule 26(a)(1)(B). As the authors of Federal Practice and Procedure note: The second type of disclosure is set forth in Rule 26(a)(1)(B), which requires disclosure of a copy, or a description by category and location, of any document relevant to disputed facts alleged with particularity in the pleadings. As under Rule 26(a)(1)(A), the particularity requirement will be important here, and it should be interpreted in the same manner as under Rule 26(a)(1)(A). Making a copy of the pertinent materials available satisfies Rule 26(a)(1)(B), but a listing of the materials by category also suffices. The objective of such a listing is to enable the other parties to make informed decisions about which documents they should request be produced pursuant to Rule 34, and to enable them to frame document requests that will avoid squabbles about wording. See 8 Wright, Miller & Marcus, Federal Practice & Procedure § 2053.

The scope of Plaintiff's requests falls within Rule 26(b)(1). Under Rule 26(b)(1), a party is entitled to discovery regarding "any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery, or other claim or defense of any other party." "Relevancy required as to the production of documents is not equated with that ordinarily used in determining the admissibility of evidence. The test is the relevancy to the subject matter which is broader than the relevancy to the issues presented by the pleadings." *Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1187(D.S.C. 1974)*.

### DEFENDANT'S FAILURE TO COMPLY WITH DISCOVERY REQUESTS

Pursuant to the Rule 26 of the Federal Rules of Civil Procedure, Defendant was obligated to produce, without any further request, all documents relevant to any of Plaintiff's claims or

upon which a defense is based.  But Defendant has not produced several categories of documents that are highly relevant to Plaintiff's case.  In addition to Defendant's obligation to disclose, Plaintiff propounded the following document requests in Plaintiff's Second Set of Requests for Production, which asked for the following:

DOCUMENT REQUEST NO. 1:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your transactions and relationship with the Plaintiff, its agents, officers or employees. This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 2:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your transactions with Your agents, officers or employees concerning any matter related to Plaintiff.  This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 3:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your communications with any third party concerning any matter related to Plaintiff or Mr. Singireddy.  This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 4

Please provide all oral communications you made to Plaintiff, its officers, agents, or employees; Your employees, directors, officers or agents; or to any third party in connection with or relating to provisioning contract services to You.  This includes all Documents or

Electronic Data in Your possession referring to or relating to Your communications with Plaintiff, its officers, agents, or employees concerning any matter related to Plaintiff or Mr. Singireddy, and includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.    Oral communications may be transcribed and provided in written form.

DOCUMENT REQUEST NO. 5:

Please provide all oral or written communications Plaintiff, its officers, agents, or employees made to You or to any third party in connection with or relating to provisioning contract services to You.  This includes all Documents or Electronic Data in Your possession referring to or relating to Your communications with Plaintiff, its officers, agents, or employees concerning any matter related to Plaintiff or Mr. Singireddy, and includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.  Oral communications may be transcribed and provided in written form.

DOCUMENT REQUEST NO. 6:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your relationship with other Entities that provided services to You under terms similar to those that Plaintiff agreed to provide to You.  This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 7:

Please provide all Documents or Electronic Data in Your possession supporting Your contention that Plaintiff is not entitled to recovery as alleged in the complaint.

DOCUMENT REQUEST NO. 8:

Please provide all Documents or Electronic Data in Your possession supporting Your contention that Plaintiff failed to perform according to the terms of the written agreement referenced in the Complaint.

DOCUMENT REQUEST NO. 9:

Please provide all Documents or Electronic Data in Your possession supporting Your contention that You have satisfied Your obligation to perform under the written agreement referenced in the Complaint.

DOCUMENT REQUEST NO. 10:

Please provide all Documents or Electronic Data relating in any way to meetings, talks, presentations, visits or other communications You have had with any customer, prospective customer, investor or prospective investor of Yours at any time from 1999 to the present.

DOCUMENT REQUEST NO. 11:

Please provide all Documents or Electronic Data describing or stating the qualifications, education and experience of Your employees, agents or officers that were employed by you at any time from 1999 to Present.

DOCUMENT REQUEST NO. 12:

Please provide all Documents or Electronic Data relating to Your relationship with any client of Yours.

DOCUMENT REQUEST NO. 13:

Please provide all Documents or Electronic Data relating to Your relationship with Your consultants.  For purposes of this request, the word "consultant" is any person who performs services to any client of yours.

DOCUMENT REQUEST NO. 14:

Please provide all Documents or Electronic Data relating to any defense you assert in Your Answer to the Complaint.

## REASONS TO COMPEL COMPLIANCE

It is well understood that the "Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Lindsey v. Prive Corp.* 161 F.3d 886, 893 (5th Cir. 1998.)

In view that this matter has been transferred from the Northern California Court to the Middle District of Pennsylvania, and in view that Defendant's counsel of record has withdrawn from this matter, Plaintiff's attempts to meet and confer have not been successful.   In the previous few weeks, Plaintiff tried to communicate to Defendant that some of the following documents were necessary to Plaintiff's case.   These are all discoverable in that they are reasonably calculated to lead to relevant evidence.

The categories of documents that are not produced include the following:

(a)     copies of invoices to Online Open Solutions, Inc. for services provided by Mr. Singireddy;

(b)     copies of all electronic communications with any entity (including Mr. Singireddy) regarding Mr. Singireddy's services;

(c)     copies of any invoices from Future American Computer Technologies, Inc., may have produced for Mr. Singireddy's services;

(d)     copies of any filings with tax authorities regarding payments made to Future American Computer Technologies, Inc., or any other entity that is involved with the provision of Mr. Singireddy's services to Fortune 500 Systems, Ltd. or its clients or third parties;

(e)     copies of any agreements/promissory notes/documents evidencing financial dealings between Fortune 500 Systems, Ltd., and Mr. Singireddy according to which Mr. Singireddy would be paid advance money from Fortune 500 Systems, Inc.;

(f)     copies of agreements, invoices, canceled checks, electronic or other communications and other documents that evidence Fortune 500 Systems,

Inc.'s dealings with other companies for subcontracting purposes between the years 1997 and 2001;

(g)    telephone logs (both wired and wireless telephones), electronic mail logs, computer records, files, data stored in hard drives and other locations, internal memoranda and other similar material related to Mr. Singireddy's contract;

(h)    copies of documents evidencing any requirements that Fortune 500 Systems, Ltd. imposed on its subcontracting companies, and copies of documents of how Fortune 500 Systems, Ltd. ensured compliance with such requirements, including any checklists, and other similar devices;

(i)    copies of any W-2 or IRS form 1099 that were issued to Mr. Singireddy for the payments made to Mr. Singireddy; and

(j)    copies of detailed corporate tax returns for Fortune 500 Systems, Inc. for the years 1998 through 2001.

These documents contain highly relevant information.  For example, invoices of services rendered by Mr. Singireddy to third parties via Fortune would clearly indicate the time Mr. Singireddy worked under Pennar's contract with Fortune.  Additionally, tax filings would indicate the amounts Fortune received and the amounts of actual payments Fortune made to any entity for Mr. Singireddy's services.  Telephone logs, electronic mail logs are useful to prove the extent of any conspiratorial communications between Fortune and Mr. Singireddy, and Fortune and Future American Consulting Technologies, Inc., which subsequently interfered with Plaintiff's contract with Fortune.  Defendant failed to produce any of these highly relevant materials.  Therefore Plaintiff moves to compel production.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff's First Set of Requests for Admission requested Defendant to admit a series of facts and further asked to identify—in an accompanying interrogatory—all documents upon which Defendant based any denial.

PLAINTIFF'S REQUEST FOR ADMISSION NO. 3.:

In or about April 2000, Mr. Singireddy would not be legally eligible to perform services to any corporation or individual in the United States without the participation of and sponsorship by Pennar.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 3.

RESPONDING PARTY is without information as to whether Pennar's participation and sponsorship of Mr. Singireddy would have been sufficient to make Mr. Singireddy legally eligible to perform services to any corporation or individual in the United States.

### REASON TO COMPEL FURTHER RESPONSE

RESPONDING PARTY (Fortune 500 Systems, Ltd.) clearly had information that the sponsorship papers provided by Pennar were sufficient. Else, Fortune's employment of Mr. Singireddy would have been illegal, because at the time Pennar sponsored Mr. Singireddy, and at the time Mr. Singireddy started to perform services to Fortune, to Fortune's knowledge no other entity or person sponsored Mr. Singireddy to lawfully work in the United States. Thus, this response is inadequate and a proper response should have been an admission.

PLAINTIFF'S RFA 15.

By the terms of the written agreement between Pennar and Fortune, Fortune agreed not to solicit Pennar's employees or consultants for a specific period of time during and after the parties engaged in business with each other.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 15.

There was no such provision agreed to by RESPONDING PARTY.

### REASON TO COMPEL FURTHER RESPONSE

Defendant's failure to admit this fact is without any justification. The contract between the parties, pursuant to which Defendant moved the Northern California Court to transfer this action to the Middle District of Pennsylvania, clearly states that parties agreed not to solicit each other's employees. Yet Defendant refused to admit this fact, which is the basis for Plaintiff's allegation of fraud, interference and conspiracy. Defendant should be sanctioned for this failure to admit.

PLAINTIFF'S RFA 17. Pennar has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the written agreement.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 17.

1   After receiving word that PROPOUNDING PARTY had agreed to a contract by which Mr.

2   Singireddy would perform services for RESPONDING PARTY, RESPONDING PARTY learned

3   that Mr. Singireddy was no longer employed by PROPOUNDING PARTY and, therefore, that

    the contract could not be performed by PROPOUNDING PARTY.   PROPOUNDING PARTY

4   never sent any time sheets, invoices, or LCA certificate to RESPONDING PARTY, and did not

5   pay any salary to Mr. Singireddy for two years.

REASON TO COMPEL FURTHER RESPONSE

6       These responses are clearly not compliant with the rules.  For example, there was no

7   covenant between Plaintiff and Defendant that Plaintiff should pay Mr. Singireddy any salary.

8   The dealings between Plaintiff and Singireddy were outside the scope of the contract between

9   Plaintiff and Defendant.  Nevertheless, Defendant attempts to introduce irrelevant and additional

10  evidence without any basis.  Further, Defendant did not identify how or when it "learned" of this

11  matter.   In view that Plaintiff alleges that Defendant interfered between Plaintiff's and

    Defendant's contract, information regarding how it learned these things would be highly

12  relevant.   Defendant's failure to admit is non-responsive to the interrogatory asked, and its

13  failure to admit the fact is inexcusable. The response is not in compliance with the question

14  asked, and therefore Defendant should be compelled to respond.   Further, the court should

    sanction this Defendant.

15      The responses for requests for admission should be amended to admit or deny the factual

16  assertions.   Additionally, with respect to these requests for admission, Plaintiff requested

17  Defendant to provide complete information and evidence of investigation conducted to obtain

18  complete information.  Defendant has failed to provide either.

19  PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION

20      Plaintiff's Third set of Requests for Admission asked the following:

21      1.  In or about November 1999, Plaintiff and Defendant had an oral understanding that

22  Mr. Singireddy would perform services to Defendant's direct clients or through Defendant's

23  contacts with third parties.

        2.  During the period between November 1999 and April 1, 2000, Defendant employed

24  the services of Mr. Singireddy as Plaintiff's employee.

25      3.  Between November 1999 and June 2000, Defendant made payments to Mr.

    Singireddy for the work done by Mr. Singireddy as Pennar's employee.

4.  On July 5, 2000, Defendant entered into a written agreement with Plaintiff for Mr. Singireddy's services from April 1, 2000 to October 6, 2000.

5.  On July 6, 2000, Defendant entered into an agreement with Future American Computer Technologies for Mr. Singireddy's services from April 1, 2000 to October 6, 2000.

6.  Defendant knowingly entered into agreements with Plaintiff and Future American Computer Technologies, Inc., for Mr. Singireddy's services from April 1, 2000 and October 6, 2001.

7.  At the time Defendant entered into agreements with  (attached as Exhibit A to Plaintiff's Complaint), Defendant did not notify Plaintiff that Defendant entered into an agreement with Future American Consulting for Mr. Singireddy's services.

8.  Defendant employed the services of Mr. Singireddy as Plaintiff's employee.

9.  Attached as Exhibit C herein is a true, correct and authentic copy of the letter from Mr. Craig Shagin ("the Shagin letter"), general counsel to Defendant.

10. In the Shagin letter, Defendant admitted that Mr. Singireddy was Plaintiff's employee.

11. In the Shagin letter, Defendant admitted that Mr. Singireddy performed services for the benefit of Defendant as Plaintiff's employee.

12. Defendant did not pay Plaintiff for services rendered by Mr. Singireddy.

13. Defendant agreed to pay $35 per hour for each hour of services rendered by Mr. Singireddy to Defendant or its clients.

14. The Purchase Order allows either party to terminate the agreement by giving the other party a written notice.

15. Defendant never terminated its agreement with Plaintiff.

16. Defendant made payments to Future American Consulting for the services rendered by Mr. Singireddy to Defendant or its clients.

17. Mr. Singireddy performed services for the benefit of Defendant from November 1999.

18. Plaintiff could not, in the exercise of reasonable diligence, determine that Defendant entered into agreements with both Plaintiff and Future American Consulting for the services of Mr. Singireddy during the same period.

19. Defendant, by entering into agreements with both Plaintiff and Future American Consulting for the services of Mr. Singireddy during the same period, violated the spirit of the terms Defendant agreed with Plaintiff.

20. Defendant is at fault in violating the spirit of the terms between Plaintiff and Defendant.

21. Defendant did not accuse Plaintiff of any violations with respect to the agreement between Plaintiff and Defendant.

22. Plaintiff expected to profit from the services performed by Mr. Singireddy for the benefit of Defendant.

23. Plaintiff is damaged and suffered a loss as a proximate result of Defendant's fault.

Defendant provided incomplete and/or noncompliant answers to these requests for production. For example, Defendant did not admit Requests 10, 11, 21 and others, even though Mr. Shagin admitted that Mr. Singireddy was Plaintiff's employee. Accordingly, Plaintiff requests that the court require Defendant to revise its responses to these and all other discovery requests and furnish the necessary information to prosecute Plaintiff's case.

## PLAINTIFF'S "MEET-AND-CONFER" EFFORTS TO RESOLVE THE ISSUES

Plaintiff tried to confer with Defendant ever since the case was transferred from Northern California to Pennsylvania. In June 2002, when Plaintiff again contacted Mr. Kadish, former counsel for Defendant, he then notified that he no longer represented Defendant. Later, Defendant filed to withdraw. Later in June and July 2002, Plaintiff's counsel and Mr. Ken Kendre had extensive discussions over the discovery and other issues. Mr. Kendre, who is not an attorney, continued to state that he provided documents to his former attorney, Mr. Kadish, who should have given all the documents to Plaintiff. But as the above-mentioned analysis shows, Defendant did not comply with the law in responding to Plaintiff's document requests or requests for admission.

On August 7, 2002, Plaintiff wrote a detailed meet-and-confer letter to Defendant outlining these matters. See Ex. A. Defendant failed to respond until today. On August 9, 2002, Plaintiff wrote to Defendant regarding compliance. Defendant replied that he "would get back" soon. But Defendant did not do so. Plaintiff is in need of concluding this matter and moving this forward to trial. Defendant's refusal to comply is unjustified and therefore the court should sanction Defendant for its failure to comply with Magistrate Judge Laporte's strong caution. *See Pennar Software Corp. v. Fortune 500 Systems, Ltd.*, 2001 WL 1319162; 2001 US Dist. LEXIS 18432 (Case No. 01-1734, N.D.Cal. Oct. 25, 2001) (Laporte, J.).

## THE NEED FOR JUDICIAL INTERVENTION

There is no question that "[b]y and large, the Federal Rules of Civil Procedure are designed to minimize the need for judicial intervention into discovery matters. They do not

1   eliminate that need, however." *See ACF Indus. v. E.E.O.C.*, 439 U.S. 1081, 1087, 99 S. Ct. 865,

2   869, 59 L. Ed. 2d 52 (1979); *Chudasama v. Mazda Motor Corp.* 123 F.3d 1353, 1370 (11th Cir.

3   1997.)  As explained above, Plaintiff has tried but failed to convince the need for compliance by

4   Defendant.  Defendant's tax filings, records showing payments made to Mr. Singireddy, and

5   records of its payments received from third parties for which Plaintiff's employee provided

6   services are all discoverable but not provided.  There is no excuse for this stubborn failure to

    comply with the procedures and rules.

7        Nor did Defendant admit the truth of the matters it ought to have admitted.  Defendant's

8   objections were based on "vagueness", "relevance" and "overbreadth."  These objections should

9   be overruled and the court should compel further responses.   For its non-cooperation in meet-

10  and-confer efforts and for its violation of court order, the court should sanction Defendant and

    award $3300 towards attorney's fees and $48.00 towards costs.

11

12                    Respectfully Submitted,

13

                                    By: _____

14                                  Naren Chaganti, Esq. (SBN #209347)
                                    345 Sheridan Avenue, Suite 308
15                                  Palo Alto, CA 94306
                                    (650) 248-7011 phone
16                                  (650) 838-0586 fax

17                                      Attorney for Plaintiff

18

19

20                            **Certificate of Service**

21        On date shown below, a true copy of the foregoing was mailed to: Ken Kendre, President, Fortune 500
    Systems, Ltd.,  4800 Linglestown Road, Suite 200 Harrisburg, PA 17112.

22  Date: 8-20-02                           _____

23                                              Naren Chaganti

24

25

1

### [PROPOSED] ORDER

2    The foregoing matter came before the court on Plaintiff's motion and having considered

3 the moving and opposing papers, and having considered other evidence of record in this matter,

4 good cause appearing, the court GRANTS Plaintiff's motion to compel further responses and

5 ORDERS Defendant to respond to Plaintiff's discovery requests within 15 days of the date of

6 this Order.  Defendant shall pay Plaintiff $3348 towards costs and attorney's fees.

7

8 IT IS SO ORDERED.

9

10 Date:_____                    _____

11                                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Naren Chaganti, Esq. (SBN #209347)
345 Sheridan Avenue, Suite 308
Palo Alto, CA 94306
(650) 248-7011 phone
(650) 838-0586 fax

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## HARRISBURG DIVISION

| | | |
|---|---|---|
| Pennar Software Corporation | ) | CIV. NO.  CV-02-413 (SHR) |
| | ) | |
| Plaintiff, | ) | **Exhibit A** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Fortune 500 Systems, Ltd. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**Naren Chaganti**

| | |
|---|---|
| **From:** | "Ken Kendre" <info@fortune500systems.com> |
| **To:** | "'Naren Chaganti'" <naren@chaganti.com> |
| **Sent:** | Friday, June 28, 2002 11:05 AM |
| **Subject:** | RE: Pennar Software Corporation v. Fortune 500 Systems, Ltd. |

Naren, I will get back to you soon.


Regards,
Ken Kendre
FORTUNE 500 Systems, Ltd.
4800 Linglestown Road, Suite 200, Harrisburg, PA 17112.
Tel: 717-545-4800 x 11, Fax: 717-545-4311
Web: www.fortune500systems.com

> -----Original Message-----
> **From:** Naren Chaganti [mailto:naren@chaganti.com]
> **Sent:** Friday, June 28, 2002 10:17 AM
> **To:** info@fortune500systems.com
> **Cc:** naren@chaganti.com
> **Subject:** Pennar Software Corporation v. Fortune 500 Systems, Ltd.
>
> Mr. Kendre,
>
> I do not know if you received my earlier mail on the subject. Please notify me if you would like
> to discuss matters. In case you retain a lawyer, then please ask your attorney to contact me. We
> need to proceed with the law suit if we cannot settle.
>
> Very truly yours,
>
> Naren Chaganti, Esquire
> Attorney at Law
> 345 Sheridan Avenue, Suite 308
> Palo Alto, CA 94306
> (650) 838-0586 phone/fax
> (650) 248-7011 mobile
> naren@chaganti.com E-mail
>
> _____
> NOTICE: THIS ELECTRONIC MAIL and any attachments may contain confidential and/or
> privileged information intended only for the recipient. If you are not the intended recipient or
> the intended recipient's authorized agent, you are hereby on notice that any reading, copying,
> using, storing, printing, forwarding or otherwise accessing and/or disseminating this information
> is prohibited. We request you to return the original to the sender and destroy all copies from
> your computers. Thank you.

## Naren Chaganti

| | |
|---|---|
| **From:** | "Ken Kendre" <info@fortune500systems.com> |
| **To:** | "'Naren Chaganti'" <naren@chaganti.com> |
| **Sent:** | Tuesday, July 16, 2002 4:04 PM |
| **Subject:** | RE: Meet and confer letter - Discovery requests - Pennar Software Corp. v. Fortune 500 Systems, Ltd. |

All the information requested has been submitted to Mike Kadish and Mike was supposed forward to you.

You need to tell me what all he has supplied to you so that I can verify from my end.

Regards,
Ken Kendre
FORTUNE 500 Systems, Ltd.
4800 Linglestown Road, Suite 200, Harrisburg, PA 17112.
Tel: 717-545-4800 x 11, Fax: 717-545-4311
Web: www.fortune500systems.com

> -----Original Message-----
> **From:** Naren Chaganti [mailto:naren@chaganti.com]
> **Sent:** Tuesday, July 16, 2002 12:26 PM
> **To:** Ken Kendre
> **Cc:** Naren Chaganti
> **Subject:** Meet and confer letter - Discovery requests - Pennar Software Corp. v. Fortune 500 Systems, Ltd.
>
> Dear Mr. Kendre,
>
> I write this meet-and-confer letter pursuant to the Federal Rules of Civil Procedure to discuss with you your non-compliance with Plaintiff's discovery requests. Plaintiff requested specifically that Defendant provide all documents, records and things related to this action. But you have clearly not produced the telephone records, your company's invoices, agreements, notes, invoices and other documents that are covered by Plaintiff's requests for production. Accordingly, we should discuss your compliance and I await your response to this letter. In view that there has been a delay of more than 6 months in this matter since we propounded our requests for production, there is no reason for you to withhold information critical to Plaintiff's case.
>
> If I do not receive any response from you regarding compliance by July 19, 2002, I will file a motion to compel further responses and additionally I will ask the court to award our attorneys fees for bringing the motion. If you wish to discuss this, please do not hesitate to contact me via telephone or via e-mail.
>
> Best regards,
> Naren Chaganti, Esquire
> Attorney at Law
> 345 Sheridan Avenue, Suite 308
> Palo Alto, CA 94306
> (650) 838-0586 phone/fax
> (650) 248-7011 mobile
> naren@chaganti.com E-mail

## Naren Chaganti

**From:** "Ken Kendre" <info@fortune500systems.com>
**To:** "'Naren Chaganti'" <naren@chaganti.com>
**Sent:** Friday, August 09, 2002 5:26 PM
**Subject:** RE: Follow-up to the meet-and-confer letter regarding discovery requests

I will get back to you soon.


Regards,
Ken Kendre
FORTUNE 500 Systems, Ltd.
4800 Linglestown Road, Suite 200, Harrisburg, PA 17112.
Tel: 717-545-4800 x 11, Fax: 717-545-4311
Web: www.fortune500systems.com

-----Original Message-----
**From:** Naren Chaganti [mailto:naren@chaganti.com]
**Sent:** Friday, August 09, 2002 4:31 PM
**To:** Ken Kendre
**Cc:** Naren Chaganti
**Subject:** Follow-up to the meet-and-confer letter regarding discovery requests

Dear Mr. Kendre,

This is a follow-up to my letter dated August 7, 2002 regarding Fortune's compliance with Pennar's discovery requests.  Please let me know if you will be responding to the letter soon.  I would like to know this before I file a motion to compel further responses.  If you have any questions, please do not hesitate to contact me.

Best regards,


Naren Chaganti, Esquire
Attorney at Law
345 Sheridan Avenue, Suite 308
Palo Alto, CA 94306
(650) 838-0586 phone/fax
(650) 248-7011 mobile
naren@chaganti.com E-mail

NOTICE: THIS ELECTRONIC MAIL and any attachments may contain confidential and/or privileged information intended only for the recipient.  If you are not the intended recipient or the intended recipient's authorized agent, you are hereby on notice that any reading, copying, using, storing, printing, forwarding or otherwise accessing and/or disseminating this information is prohibited.  We request you to return the original to the sender and destroy all copies from your computers.  Thank you.

NAREN CHAGANTI, ESQUIRE*†

ATTORNEY AT LAW

345 SHERIDAN AVENUE, #308 PALO ALTO, CA 94306

(650) 248-7011 PHONE        NAREN@CHAGANTI.COM        (650) 838-0586 FAX

* ADMITTED TO PRACTICE LAW IN VIRGINIA, DISTRICT OF COLUMBIA, CALIFORNIA AND MISSOURI

†ADMITTED TO PRACTICE BEFORE THE UNITED STATES PATENT & TRADEMARK OFFICE IN PATENT CASES

August 7, 2002

Via Facsimile, U.S. Mail and Electronic Mail

Mr. Ken Kendre
President
Fortune 500 Systems, Ltd.
4800 Linglestown Road, Suite 200
Harrisburg, PA 17112
(717) 545-4311 fax

> Re: Meet and Confer Letter – Discovery Requests
> Case Title: Pennar Software Corp. v. Fortune 500 Systems, Ltd.
> <u>Case No.: CV-02-413 (SHR) U.S.D.C. (M.D.PA) Harrisburg</u>

Dear Mr. Kendre,

I write this letter to comply with Plaintiff's obligation to "meet and confer" regarding the discovery requests that Plaintiff propounded in this case. Pursuant to the Rule 26 of the Federal Rules of Civil Procedure, Defendant was obligated to produce, without any further request, all documents relevant to any of Plaintiff's claims or upon which a defense is based. But Defendant has not produced several categories of documents that are highly relevant to Plaintiff's case.

In addition to Defendant's obligation to disclose, Plaintiff propounded the following document requests in Plaintiff's Second Set of Requests for Production, which asked for the following:

DOCUMENT REQUEST NO. 1:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your transactions and relationship with the Plaintiff, its agents, officers or employees. This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 2

computers, personal digital assistants, or similar devices, computer disks, hard drives or
CD-ROMs.

DOCUMENT REQUEST NO. 2:

     Please provide all Documents or Electronic Data in Your possession referring to
or relating to Your transactions with Your agents, officers or employees concerning any
matter related to Plaintiff.  This includes, but is not limited to, any responsive Documents
or Electronic Data contained in Your desktop computers, server computers, laptop
computers, home computers, personal digital assistants, or similar devices, computer
disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 3:

     Please provide all Documents or Electronic Data in Your possession referring to
or relating to Your communications with any third party concerning any matter related to
Plaintiff or Mr. Singireddy.   This includes, but is not limited to, any responsive
Documents or Electronic Data contained in Your desktop computers, server computers,
laptop computers, home computers, personal digital assistants, or similar devices,
computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 4

     Please provide all oral communications you made to Plaintiff, its officers, agents,
or employees; Your employees, directors, officers or agents; or to any third party in
connection with or relating to provisioning contract services to You.  This includes all
Documents or Electronic Data in Your possession referring to or relating to Your
communications with Plaintiff, its officers, agents, or employees concerning any matter
related to Plaintiff or Mr. Singireddy, and includes, but is not limited to, any responsive
Documents or Electronic Data contained in Your desktop computers, server computers,
laptop computers, home computers, personal digital assistants, or similar devices,
computer disks, hard drives or CD-ROMs.  Oral communications may be transcribed and
provided in written form.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 3

DOCUMENT REQUEST NO. 5:

Please provide all oral or written communications Plaintiff, its officers, agents, or employees made to You or to any third party in connection with or relating to provisioning contract services to You. This includes all Documents or Electronic Data in Your possession referring to or relating to Your communications with Plaintiff, its officers, agents, or employees concerning any matter related to Plaintiff or Mr. Singireddy, and includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs. Oral communications may be transcribed and provided in written form.

DOCUMENT REQUEST NO. 6:

Please provide all Documents or Electronic Data in Your possession referring to or relating to Your relationship with other Entities that provided services to You under terms similar to those that Plaintiff agreed to provide to You. This includes, but is not limited to, any responsive Documents or Electronic Data contained in Your desktop computers, server computers, laptop computers, home computers, personal digital assistants, or similar devices, computer disks, hard drives or CD-ROMs.

DOCUMENT REQUEST NO. 7:

Please provide all Documents or Electronic Data in Your possession supporting Your contention that Plaintiff is not entitled to recovery as alleged in the complaint.

DOCUMENT REQUEST NO. 8:

Please provide all Documents or Electronic Data in Your possession supporting Your contention that Plaintiff failed to perform according to the terms of the written agreement referenced in the Complaint.

DOCUMENT REQUEST NO. 9:

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 4

Please provide all Documents or Electronic Data in Your possession supporting Your contention that You have satisfied Your obligation to perform under the written agreement referenced in the Complaint.

DOCUMENT REQUEST NO. 10:

Please provide all Documents or Electronic Data relating in any way to meetings, talks, presentations, visits or other communications You have had with any customer, prospective customer, investor or prospective investor of Yours at any time from 1999 to the present.

DOCUMENT REQUEST NO. 11:

Please provide all Documents or Electronic Data describing or stating the qualifications, education and experience of Your employees, agents or officers that were employed by you at any time from 1999 to Present.

DOCUMENT REQUEST NO. 12:

Please provide all Documents or Electronic Data relating to Your relationship with any client of Yours.

DOCUMENT REQUEST NO. 13:

Please provide all Documents or Electronic Data relating to Your relationship with Your consultants. For purposes of this request, the word "consultant" is any person who performs services to any client of yours.

DOCUMENT REQUEST NO. 14:

Please provide all Documents or Electronic Data relating to any defense you assert in Your Answer to the Complaint.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 5


In view that this matter has been transferred from the Northern Virginia Court to the Middle District of Pennsylvania, and in view that your counsel of record has withdrawn from this matter, our attempts to meet and confer have not been successful. In the previous few weeks, I tried to communicate to you that some of the following documents were necessary to Plaintiff's case. These are all discoverable in that they are reasonably calculated to lead to relevant evidence.

The categories of documents that are not produced include the following:

(a)     copies of invoices to Online Open Solutions, Inc. for services provided by Mr. Singireddy;

(b)     copies of all electronic communications with any entity (including Mr. Singireddy) regarding Mr. Singireddy's services;

(c)     copies of any invoices from Future American Computer Technologies, Inc., may have produced for Mr. Singireddy's services;

(d)     copies of any filings with tax authorities regarding payments made to Future American Computer Technologies, Inc., or any other entity that is involved with the provision of Mr. Singireddy's services to Fortune 500 Systems, Ltd. or its clients or third parties;

(e)     copies of any agreements/promissory notes/documents evidencing financial dealings between Fortune 500 Systems, Ltd., and Mr. Singireddy according to which Mr. Singireddy would be paid advance money from Fortune 500 Systems, Inc.;

(f)     copies of agreements, invoices, canceled checks, electronic or other communications and other documents that evidence Fortune 500 Systems, Inc.'s dealings with other companies for subcontracting purposes between the years 1997 and 2001;

(g)     telephone logs (both wired and wireless telephones), electronic mail logs, computer records, files, data stored in hard drives and other locations, internal memoranda and other similar material related to Mr. Singireddy's contract;

(h)     copies of documents evidencing any requirements that Fortune 500 Systems, Ltd. imposed on its subcontracting companies, and copies of documents of how Fortune 500 Systems, Ltd. ensured compliance with such requirements, including any checklists, and other similar devices;

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 6

    (i)        copies of any W-2 or IRS form 1099 that were issued to Mr. Singireddy for the payments made to Mr. Singireddy; and

    (j)        copies of detailed corporate tax returns for Fortune 500 Systems, Inc. for the years 1998 through 2001.

## REQUESTS FOR ADMISSION

Plaintiff's First Set of Requests for Admission requested Defendant to admit that:

PLAINTIFF'S REQUEST FOR ADMISSION NO. 3.:
In or about April 2000, Mr. Singireddy would not be legally eligible to perform services to any corporation or individual in the United States without the participation of and sponsorship by Pennar.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 3.

    RESPONDING PARTY is without information as to whether Pennar's participation and sponsorship of Mr. Singireddy would have been sufficient to make Mr. Singireddy legally eligible to perform services to any corporation or individual in the United States.

PLAINTIFF'S RFA 15.
By the terms of the written agreement between Pennar and Fortune, Fortune agreed not to solicit Pennar's employees or consultants for a specific period of time during and after the parties engaged in business with each other.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 15.
There was no such provision agreed to by RESPONDING PARTY.

PLAINTIFF'S RFA 17.  Pennar has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the written agreement.

DEFENDANT'S RESPONSE TO INTERROGATORY WITH RESPECT TO RFA 17.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 7

After receiving word that PROPOUNDING PARTY had agreed to a contract by which Mr. Singireddy would perform services for RESPONDING PARTY, RESPONDING PARTY learned that Mr. Singireddy was no longer employed by PROPOUNDING PARTY and, therefore, that the contract could not be performed by PROPOUNDING PARTY. PROPOUNDING PARTY never sent any time sheets, invoices, or LCA certificate to RESPONDING PARTY, and did not pay any salary to Mr. Singireddy for two years.

These responses are clearly not compliant with the rules. For example, there was no covenant between Plaintiff and Defendant that Plaintiff should pay Mr. Singireddy any salary. Additionally, there is no requirement nor there is any evidence that "learning" that Mr. Singireddy was no longer employed would be a response to the question whether or not Pennar has performed all covenants and promises required by it in accordance with the terms and conditions of the agreement. The response is not in compliance with the question asked.

The responses for requests for admission should be amended to admit or deny the factual assertions. Additionally, with respect to these requests for admission, Plaintiff requested Defendant to provide complete information and evidence of investigation conducted to obtain complete information. Defendant has failed to provide either.

<u>THIRD SET OF REQUESTS FOR ADMISSION</u>

Plaintiff's Third set of Requests for Admission asked the following:

1. In or about November 1999, Plaintiff and Defendant had an oral understanding that Mr. Singireddy would perform services to Defendant's direct clients or through Defendant's contacts with third parties.

2. During the period between November 1999 and April 1, 2000, Defendant employed the services of Mr. Singireddy as Plaintiff's employee.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 8

3.  Between November 1999 and June 2000, Defendant made payments to Mr. Singireddy for the work done by Mr. Singireddy as Pennar's employee.

4.  On July 5, 2000, Defendant entered into a written agreement with Plaintiff for Mr. Singireddy's services from April 1, 2000 to October 6, 2000.

5.  On July 6, 2000, Defendant entered into an agreement with Future American Computer Technologies for Mr. Singireddy's services from April 1, 2000 to October 6, 2000.

6.  Defendant knowingly entered into agreements with Plaintiff and Future American Computer Technologies, Inc., for Mr. Singireddy's services from April 1, 2000 and October 6, 2001.

7.  At the time Defendant entered into agreements with  (attached as Exhibit A to Plaintiff's Complaint), Defendant did not notify Plaintiff that Defendant entered into an agreement with Future American Consulting for Mr. Singireddy's services.

8.  Defendant employed the services of Mr. Singireddy as Plaintiff's employee.

9.  Attached as Exhibit C herein is a true, correct and authentic copy of the letter from Mr. Craig Shagin ("the Shagin letter"), general counsel to Defendant.

10. In the Shagin letter, Defendant admitted that Mr. Singireddy was Plaintiff's employee.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 9

11. In the Shagin letter, Defendant admitted that Mr. Singireddy performed services for the benefit of Defendant as Plaintiff's employee.

12. Defendant did not pay Plaintiff for services rendered by Mr. Singireddy.

13. Defendant agreed to pay $35 per hour for each hour of services rendered by Mr. Singireddy to Defendant or its clients.

14. The Purchase Order allows either party to terminate the agreement by giving the other party a written notice.

15. Defendant never terminated its agreement with Plaintiff.

16. Defendant made payments to Future American Consulting for the services rendered by Mr. Singireddy to Defendant or its clients.

17. Mr. Singireddy performed services for the benefit of Defendant from November 1999.

18. Plaintiff could not, in the exercise of reasonable diligence, determine that Defendant entered into agreements with both Plaintiff and Future American Consulting for the services of Mr. Singireddy during the same period.

19. Defendant, by entering into agreements with both Plaintiff and Future American Consulting for the services of Mr. Singireddy during the same period, violated the spirit of the terms Defendant agreed with Plaintiff.

NAREN CHAGANTI, ESQ.

Letter to Ken Kendre – Meet and Confer
August 7, 2002
Page 10

20. Defendant is at fault in violating the spirit of the terms between Plaintiff and Defendant.

21. Defendant did not accuse Plaintiff of any violations with respect to the agreement between Plaintiff and Defendant.

22. Plaintiff expected to profit from the services performed by Mr. Singireddy for the benefit of Defendant.

23. Plaintiff is damaged and suffered a loss as a proximate result of Defendant's fault.

Defendant provided incomplete and/or noncompliant answers to these requests for production. For example, Defendant did not admit Requests 10, 11, 21 and others, even though Mr. Shagin admitted that Mr. Singireddy was Plaintiff's employee. Accordingly, Plaintiff requests that Defendant revise its responses to these and all other discovery requests and furnish the necessary information to prosecute its case.

Please note that if Defendant does not produce these documents and/or responses, Plaintiff will compel further responses. Additionally Plaintiff will ask the court for attorney's fees and costs to bring the motion to compel. I therefore request you to contact me as soon as possible and discuss compliance with Plaintiff's discovery requests.

Please do not hesitate to contact me if you have any questions and/or concerns. I can be reached at (650) 248-7011 or via E-mail at naren@chaganti.com.

Sincerely,

Naren Chaganti.

# NAREN CHAGANTI, ESQ.*

### ATTORNEY AT LAW

### 345 SHERIDAN AVENUE, #308 PALO ALTO, CA 94306

\* ADMITTED TO PRACTICE LAW IN VIRGINIA, DISTRICT OF COLUMBIA, CALIFORNIA AND MISSOURI
\* ADMITTED TO PRACTICE BEFORE THE UNITED STATES PATENT & TRADEMARK OFFICE IN PATENT CASES


August 7, 2002

Via Facsimile


Total Pages: 11
Sender: Naren Chaganti


| Recipient's name and address | fax number | reference |
|---|---|---|
| Mr. Ken Kendre<br>President<br>Fortune 500 Systems, Ltd.<br>4800 Linglestown Road,<br>Suite 200<br>Harrisburg, PA 17112 | (717) 545-4311 fax | Pennar Software Corp. v.<br>Fortune 500 Systems, Ltd.<br>CV-02-413 (SHR) U.S.D.C.<br>(M.D.PA) Harrisburg |


**Confirmation copy ~~will not~~/will be sent by mail**


**Message:**


Please deliver to the above-named recipient immediately.


**Confidential and Privileged. This facsimile message and any attachment(s) contain confidential and privileged information intended for the purposes identified above and only addressed to the person identified above. If you receive this message in error, please notify the sender immediately and destroy this message and all attachments. You are hereby on notice that any reading and/or copying or otherwise retaining a copy of this message is forbidden. Thank you.**

| TRANSMISSION VERIFICATION REPORT |
| --- |

```
                                  TIME : 08/07/2002 16:56
                                  NAME :
                                  FAX  : 3144344663
                                  TEL  : 3143179200
                                  SER.# : BROG1J493633
```

```
DATE,TIME              08/07  16:53
FAX NO./NAME           17175454311
DURATION               00:02:48
PAGE(S)                11
RESULT                 OK
MODE                   STANDARD
                       ECM
```

1  Naren Chaganti, Esq. (SBN #209347)
   345 Sheridan Avenue, Suite 308
2  Palo Alto, CA 94306
   (650) 248-7011 phone
3  (650) 838-0586 fax

4  Attorney for Plaintiff

5

6                  IN THE UNITED STATES DISTRICT COURT

7              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

8                           HARRISBURG DIVISION

   Pennar Software Corporation          )  CIV. NO.  CV-02-413 (SHR)
9                                        )
              Plaintiff,                 )  **Declaration of Naren Chaganti**
10                                       )
                                         )
11       v.                              )
                                         )
12                                       )
   Fortune 500 Systems, Ltd.            )
13                                       )
              Defendant                  )
14                                       )

15      I, Naren Chaganti, hereby declare as follows.

16      1.    I am counsel of record for Plaintiff, Pennar Software Corporation.  I make this

17            Declaration based on my own personal knowledge of the matters I state herein,

18            and, if called as a witness, I can and will competently testify to the same.

19      2.    In November 2001 Plaintiff issued a first set of discovery requests.

20      3.    The responses to Plaintiff's discovery requests are as set forth in this

              memorandum of points and authorities.

21      4.    Exhibit A contains true and correct copies of my communications with Mr. Ken

22            Kendre, who represents Defendant in this case.

23      5.    I spent twelve hours in preparing this motion.  My bill rate is $275 per hour.

24      6.    I declare under penalty of perjury of the laws of the United States that the

              foregoing is true and correct.

25      Dated: August 20, 2002                    _____
                                                  Naren Chaganti.