**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION,** | : | CIVIL ACTION NO. 1:02-CV-0413 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 15th day of September, 2005, upon consideration of the motion (Doc. 200), filed by Attorney Naren Chaganti, for reconsideration of the prior orders of court (Docs. 130, 199) substituting Attorney Chaganti as trial counsel for plaintiff based upon the finding that Attorney Chaganti's role as a material witness[1] in this case is conflicting with and exclusive to his role as trial counsel (see Docs. 161, 192), see L.R. 43.1 (stating that attorney must withdraw as trial counsel when he or she becomes witness),[2] and assessing the costs of a mistrial in the above-captioned action based upon the finding that the mistrial resulted from Attorney Chaganti's unexpected decision to terminate associate counsel

---

[1] Attorney Chaganti has even referred to his position in this case as that of a "party." (See Doc. 174 at 4).

[2] Indeed, the Court of Appeals for the Third Circuit has "condemned" the practice of an advocate serving as a witness at trial. See Universal Athletic Sales Co. v. Am. Gym, Rec'l & Athletic Equip. Corp., Inc., 546 F.2d 530, 538 (3d Cir. 1976); see also Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090-92 (3d Cir. 1976); Sheet Metal Workers' Local 28 v. Gallagher, 960 F.2d 1195, 1208 n.8 (3d Cir. 1992).

during trial and to testify as a material witness (see Docs. 130, 143, 156, 160, 169), and it appearing that the motion does not aver any manifest errors of law or fact, or present any newly discovered evidence, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992) (cautioning that mere disagreement with the court does not translate into a clear error of law), and it further appearing that Attorney Chaganti's role as a material witness in this case raises significant professional and ethical considerations warranting his substitution, see Commonwealth v. Willis, 552 A.2d 682, 696 (Pa. Super. Ct. 1988) ("[A]ppearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts."); see also PA. RULES PROF'L CONDUCT R. 3.7 (identifying exceptions to ethical rule against advocate as witness); L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct), that Attorney Chaganti's proffered testimony does not relate to the value of his legal services, see PA. RULES PROF'L CONDUCT R. 3.7(a)(2) (stating that attorney may serve as advocate-witness where nature and value of legal services is at issue), but pertains to contested material issues essential to a determination of liability and damages (see Doc. 191 at 15-16, 25-26, 36-37), see PA. RULES PROF'L CONDUCT R. 3.7(a)(1) (stating that attorney may serve as advocate witness where testimony relates to uncontested issues), and the court finding that the trier of fact may be

confused or misled by Attorney Chaganti's role as an advocate witness, see id. R. 3.7 cmt. n.2 (noting concern over allowing advocate-witness where trier of fact may be confused or misled); 27 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 6012 (2005) ("[T]he conflicting roles of the advocate witness make it difficult for the trier of fact to distinguish between the logic of the advocate and the credibility of the witness."), and that, as the only available witness for certain contested issues, there exists a substantial likelihood that defendant will be prejudiced by the exclusion of Attorney Chaganti's testimony or by allowing Attorney Chaganti to proceed as an advocate witness (see Doc. 191 at 12, 15-16, 24-26, 31-32, 35), see PA. RULES PROF'L CONDUCT R. 3.7 cmt. n.2 (stating that opposing party has proper objection where advocate-witness may prejudice that party's rights in litigation); cf. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa. v. Darwin Lynch Adm'r, Inc., 781 F. Supp. 1067 (M.D. Pa. 1991) (holding that attorney need not be disqualified in absence of showing that no other witness could testify about contested issue), and the court finding that it was reasonably foreseeable that Attorney Chaganti would be called to testify as a witness in this case, see PA. RULES PROF'L CONDUCT R. 3.7 cmt. n.4 (stating that foreseeability of advocate as witness is consideration), and that Attorney

Chaganti's substitution will not work a substantial hardship on his client,[3] id. R. 3.7(a)(3) (stating that lawyer may serve as advocate-witness where removal would cause "substantial-hardship" on client), it is hereby ORDERED that the motion for reconsideration (Doc. 200) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Attorney Chaganti contends that his client will be prejudiced by his withdrawal as counsel of record and his inability to assist trial counsel. The court finds this argument meritless for several reasons. First and foremost, trial counsel necessarily needs to understand the facts and theories underlying plaintiff's claims. As noted, the costs of assimilating new trial counsel are the direct consequence of Attorney Chaganti's previous conduct. Those costs are simply unavoidable under the circumstances *created by* Attorney Chaganti. The court notes that Attorney Chaganti's unwillingness to educate counsel during the first trial played a decisive role in that counsel's termination, the blurring at trial of Attorney Chaganti's roles as advocate and witness, and the ultimate declaring of a mistrial. (See Doc. 150 at 5 n. 1 (Attorney Chaganti complaining that previous trial counsel "violated a direct order not to conduct research . . . and wasted much time trying to understand [this case] when his duty was simply to read a script."); see also Docs. 161, 192)). Second, the legal and factual issues in this case can be readily assimilated by Attorney Chaganti's successor. Finally, nothing in the court's order prohibits Attorney Chaganti from communicating with trial counsel, or expressing his views through trial counsel, at any appropriate time during these proceedings.