**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PENNAR SOFTWARE CORPORATION,** : | **CIVIL ACTION NO. 1:02-CV-0413** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **FORTUNE 500 SYSTEMS, LTD.,** : | |
| : | |
| **Defendant** : | |

### **MEMORANDUM**

Presently before the court are cross-motions (Docs. 163, 174) for sanctions pursuant to 28 U.S.C. § 1927.

The instant action was transferred to this court from the Northern District of California in March 2002. At that time counsel for plaintiff, Attorney Naren Chaganti ("Attorney Chaganti"), was admitted *pro hac vice* to practice before the court and, pursuant to the Local Rules, was directed to obtain the services of associate counsel.[1] Two years later, on the eve of trial, and only after being ordered to do so, Attorney Chaganti finally complied with the Local Rules and associate counsel entered an appearance in this case. (See Doc. 130).

Shortly thereafter, the court was made aware that Attorney Chaganti might attempt to testify at trial based upon his personal knowledge of events relevant to his client's claims. (See Doc. 75). Defendant moved to preclude any such

---

[1] See L.R. 83.12 (requiring associate counsel for attorneys not eligible for admission to the bar of the Middle District); id. 83.9.3 (governing *pro hac vice* admission).

testimony,[2] but the court denied the motion based upon Attorney Chaganti's representations that associate counsel would conduct his examination, limited solely to the authentication of certain correspondence.  (See Doc. 133 at 190, 196).

Trial of this case commenced on April 6, 2004.  Prior to jury selection, associate counsel moved to withdraw his appearance, averring that he did not believe himself to be "particularly competent" to try the case because Attorney Chaganti had not spoken with him about the trial or provided any files or materials relevant to the issues to be tried.  (See Doc. 132 at 3-5; Doc. 133 at 193-94). When questioned about this assertion, Attorney Chaganti replied that he had not contacted associate counsel because a witness had recently become available whose testimony would obviate the need for Attorney Chaganti to take the stand. The court warned Attorney Chaganti that he would be expected to strictly comply with the Local Rules of court, and that associate counsel could prove helpful in

---

[2] See L.R. 43.1 ("If an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court."); see also PA. RULES PROF'L CONDUCT R. 3.7 (ethical rule against advocate as a witness); L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct); Commonwealth v. Willis, 552 A.2d 682, 696 (Pa. Super. Ct. 1988) ("[A]ppearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts."); 27 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 6012 (2005) ("[T]he conflicting roles of the advocate witness make it difficult for the trier of fact to distinguish between the logic of the advocate and the credibility of the witness.").

complying with these rules,[3] but nevertheless allowed associate counsel to withdraw from the case, based in large measure upon Attorney Chaganti's representation that he would not testify at trial. (See Doc. 132 at 3-5, 108; Doc. 133 at 191).

During opening statements, however, it became apparent that Attorney Chaganti still intended to testify. (See Doc. 132 at 108). In addition, the examination of plaintiff's witness made it clear that Attorney Chaganti was the sole individual who could testify on certain material issues. (See Doc. 132 at 74, 109). The court excused the jury and again inquired of Attorney Chaganti whether he intended to testify. Attorney Chaganti stated that, given the limited knowledge of his witness, he needed to testify regarding material facts relevant to his client's claims, and that his testimony would not be limited but would "cover the entire case." (See Doc. 132 at 109-10; Doc. 133 at 186, 191; Doc. 135 at 421). Without associate counsel to direct the examination, Attorney Chaganti offered to provide his testimony by way of a narration, or by posing questions to himself and then answering them. (See Doc. 132 at 110-12). The court informed the parties that it

---

[3] The court advised Attorney Chaganti:

> I do have to caution you, Mr. Chaganti, that I will require strict compliance with the local rules, and although I think [associate counsel] could have assisted you to some degree in terms of your compliance with local rules, that burden again falls squarely on your shoulders . . . . I just want to caution you to be very, very careful as we proceed in this trial to be in compliance with the local rules . . . .

(See Doc. 132 at 6).

might allow the case to proceed if they could stipulate to material facts and narrow the scope of Attorney Chaganti's testimony.  Attorney Chaganti would then be permitted to proffer a brief narration to the jury, and defense counsel would be permitted to cross examine him.  The jury was then excused for the day and counsel had the opportunity to meet and confer for the purpose of stipulating to material facts.  However, it soon became clear that the parties could not reach an agreement on either the facts or the scope of Attorney Chaganti's testimony.  (See Doc. 132 at 114-15; Doc. 133 at 192-93).

      The following morning, the second day of trial, Attorney Chaganti entered court with his former associate counsel, Karl Hildabrand, Esquire.  Attorney Hildabrand was permitted to conduct the direct examination of Attorney Chaganti, who testified at length regarding material facts involved in this case.  (See Doc. 133 at 121-85).  After the jury was excused for a brief recess, Attorney Hildabrand informed the court that he was given the distinct impression by Attorney Chaganti that the court had ordered him to re-enter his appearance.[4]  (See Doc. 133 at 185).  The court explained that it did not order Attorney Hildabarnd to return, and that if Attorney Hildabrand chose to continue he would be expected to try the case to verdict because of Attorney Chaganti's status as a

---

[4] As associate counsel explained it, he "fel[t] that [he] was dragged to [the] courtroom . . . under questionable circumstances, and had [he] known the truth [he] would not have come in the first place."  (See Doc. 135 at 428).

material fact witness.[5]  (See Doc. 133 at 186-87).  Attorney Hildabrand stated that he was ill-prepared to assume the role of trial counsel.  After additional prodding by the court, Attorney Hildabrand indicated that he would be able to fulfill the obligations of trial counsel if he had one more day to prepare.  (See Doc. 133 at 198).  Accordingly, the court excused the jury for the day to facilitate Attorney Hildabrand's preparation for the remainder of the trial.  (See Doc. 133 at 198-99).

The next day, the third day of trial, Attorney Hildabrand competently continued plaintiff's case.  (See Doc. 134 at 205).  However, on the morning of the fourth day of trial, Attorney Hildabrand notified the court that he had been discharged by Attorney Chaganti for other than financial reasons.  (See Doc. 135 at 417-18).  Attorney Chaganti admitted to the termination, and expressed serious concerns over his associate counsel's legal strategy, lack of familiarity with the facts of the case, and—ironically—Attorney Hildabrand's desire to learn more about the facts of the case before proceeding with the representation.  (See Doc. 135 at 418-30).  Attorney Chaganti also expressed dismay that his associate counsel would do anything in this case other than "read the script" that Attorney Chaganti had provided to him.  (See Doc. 135 at 421-22).  The court concluded that the relationship between associate counsel and plaintiff was irretrievably broken, and declared a mistrial.  (See Doc. 135 at 429-30).  The costs of the mistrial were assessed against plaintiff (see Doc. 130), and the parties subsequently filed the instant

---

[5] See supra n.2.

motions for sanctions—defendant for the fees and expenses associated with the mistrial, and plaintiff for costs incurred in opposing defendant's motion for sanctions.

The instant motions are brought pursuant to 28 U.S.C. § 1927.  Section 1927 provides for the sanctioning of wayward counsel who intentionally and unnecessarily delay judicial proceedings.  See Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1190 (3d Cir. 1989); see also LaSalle Nat'l Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002).  This section states as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Caselaw interprets this provision as requiring a finding that counsel acted in bad faith.  See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir. 1990); Boykin v. Bloomsburg Univ. of Pa., 905 F. Supp. 1335, 1346 (M.D. Pa. 1995).  Hence, a § 1927 violation entails (1) an attorney's multiplication of the proceedings, (2) by conduct constituting willful bad faith, (3) resulting in an increase in the cost of the proceedings.  See LaSalle, 287 F.3d at 288; Campana v. Muir, 615 F. Supp. 871, 874 (M.D. Pa. 1985).

In the matter *sub judice*, the mistrial certainly multiplied the proceedings; but for Attorney Chaganti's conduct the above-captioned action would have proceeded to verdict.  And, as set forth in defendant's motion, the mistrial directly increased the costs associated with resolution of the instant case.  See, e.g., Dowe v.

Nat'l R.R. Passenger Corp., No. 01-5808, 2004 WL 1393603 (N.D. Ill. June 22, 2004) (stating that § 1927 sanctions are appropriate for mistrial even when case is not retried). The issue, then, is whether Attorney Chaganti's actions constitute bad-faith conduct warranting the invocation of § 1927 sanctions. The court finds that Attorney Chaganti's conduct is a classic example of bad faith within the ambit of § 1927.

Attorney Chaganti retained associate counsel just three weeks before trial and only by compulsion of court order. (See Docs. 61, 71). Instead of educating associate counsel on the issues to be tried, Attorney Chaganti refused to share case files or assist in any trial preparation. When associate counsel moved for leave to withdraw due to his inability to participate at trial in a meaningful way, the court allowed him to do so based upon Attorney Chaganti's representation that he would not testify at trial. However, during opening statements Attorney Chaganti alluded to his own testimony. After plaintiff's principal witness failed to address the relevant facts to Attorney Chaganti's satisfaction, Attorney Chaganti informed the court that he desired to testify as a material fact witness. Attorney Chaganti then misrepresented the court's directives to his former associate counsel and advised Attorney Hildabrand that he was required to return to the trial. Within two business days, Attorney Chaganti fired Attorney Hildabrand—ostensibly for spending too much time on the case—without obtaining new associate counsel or any reasonable means of continuing the case to verdict. The court finds that these actions constitute willful bad-faith conduct "violative of recognized standards in

the conduct of litigation," and worthy of sanctions.  See In re Orthopedic Bone Screw Prod. Liab. Litig., 193 F.3d 781, 785 (3d Cir. 1999); see also In re Prudential Ins. Co. Am. Sales Practice Litig., 278 F.3d 175, 189 (3d Cir. 2002) (stating that bad faith conduct need not be single act, but can be found or inferred from facts taken as a whole); Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225-26 (11th Cir. 2003) (stating that bad faith can be found where an attorney "engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims").  Accordingly, defendant's motion for sanctions will be granted.[6]

    While defendant avers that it is entitled to "the entire pre-trial and trial preparation costs," it is only the "excess" costs, fees, and expenses incurred as a result of Attorney Chaganti's conduct that are recoverable.  See 28 U.S.C. § 1927; see also Prudential, 278 F.3d at 188 ("Sanctions that are imposed under § 1927 must only impose costs and expenses that result from the particular misconduct.").  In this matter, the amount recoverable is the sum of those costs, fees, and expenses associated only with the four day proceeding that, due to Attorney Chiganti's actions, resulted in the mistrial.  Accordingly, counsel for defendant will be directed to file an affidavit of fees and expenses related solely to the four days of trial held in this case.

---

[6] In light of the court's favorable ruling on defendant's motion for sanctions, plaintiff's counter-motion for sanctions will be denied.

An appropriate order will issue.

            S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

Dated:      September 28, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION,** | : | **CIVIL ACTION NO. 1:02-CV-0413** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 28th day of September, 2005, upon consideration of the motions (Docs. 163, 174) for sanctions, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion for sanctions (Doc. 163) is GRANTED.

    a. Defendant shall submit, on or before October 21, 2005, an affidavit of fees and expenses for the four days of trial held in the above-captioned case on April 6, 7, 8, and 12, 2004.

    b. Attorney Chaganti shall be permitted to file, on or before November 4, 2005, an appropriate response to the affidavit of fees and expenses.

2. Plaintiff's motion for sanctions (Doc. 174) is DENIED.

                                                       S/ Christopher C. Conner
                                                      CHRISTOPHER C. CONNER
                                                      United States District Judge