**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNAR SOFTWARE** | : | **CIVIL ACTION NO. 1:02-CV-0413** |
| **CORPORATION,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 1st day of November, 2005, upon consideration of the
response (Doc. 213) of Attorney Naren Chaganti to defendant's affidavit of costs
(Doc. 208) related to a mistrial in the above-captioned case, in which Attorney
Chaganti addresses the affidavit of costs and moves the court for reconsideration of
several of its prior decisions,[1] and it appearing that by the order of court dated
October 25, 2005 (Doc. 211), Attorney Chaganti was advised that only counsel of
record is permitted to file motions in this case, see FED. R. CIV. P. 11(a) ("Every
pleading, written motion, and other paper shall be signed by at least one attorney
of record . . . ."); (see also Docs. 199, 204, 211), that all future pleadings, motions, and

---

[1]   Indeed, although the document was captioned a "response" to defendant's
affidavit of costs, Attorney Chaganti is clearly seeking reconsideration of an order
of court assessing the costs of the mistrial against him, and an order of
court—issued over one year ago—that granted partial summary judgment in favor
of defendant.  (See Doc. 212 at 1, 3 n.1.)  As was previously made clear, Attorney
Chaganti is not counsel of record in this case and hence not permitted to file such
motions.  (See Docs. 199, 204, 211.)  Accordingly, the court will not entertain the
requests for reconsideration.  See FED. R. CIV. P. 11(a).

documents containing legal arguments had to be filed by counsel of record, see

FED. R. CIV. P. 11(a); (see also Docs. 199, 204, 211), and that Attorney Chaganti's

response to the affidavit of costs must "be based upon [his] personal knowledge

and . . . limited to the issue of the reasonableness of the costs set forth in . . . [the]

affidavit" (see Doc. 211), it is hereby ORDERED that:

1.    Defendant shall be permitted to file, on or before November 11, 2005,  a brief in reply to those sections of the response (Doc. 213) that address defendant's affidavit of costs.

2.    Those sections of the response (Doc. 213) which do not address defendant's affidavit of costs are STRICKEN from the docket.[2]

3.    All future pleadings, motions, and documents containing legal arguments that are filed on behalf of plaintiff shall be filed by counsel of record, Attorney Karim P. Husein.  See FED. R. CIV. P. 11(a); (see also Doc. 211.)  Failure to comply with this paragraph may result in sanctions or contempt proceedings.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]  Fewer than three pages of the nineteen-page response are devoted to the affidavit of costs.  (See Doc. 213 at 13-15.)