# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNAR SOFTWARE CORPORATION,** : | **CIVIL ACTION NO. 1:02-CV-0413** |
| : | |
| : | **(Judge Conner)** |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **FORTUNE 500 SYSTEMS, LTD.,** : | |
| : | |
| Defendant : | |

## **ORDER**

AND NOW, this 21st day of December, upon consideration of the affidavit of costs (Doc. 208) and supplemental documentation (Doc. 222), filed by counsel for defendant, relevant to a determination of the reasonableness of the attorneys' fees requested, see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005) (stating that courts are to conduct "robust" analysis of reasonableness of proffered fees in light of geographic area, nature of services provided, and experience of attorneys), and it appearing that counsel have not submitted sufficient information for the court to determine the prevailing market rates for

attorneys of comparable experience,[1] see Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); see also Motion for Attorney Fees and Costs and Exhibits 1-5, Robinson v. Pennsylvania State Corr. Officers Ass'n, No. 02-CV-1124 (M.D. Pa. Dec. 7, 2005) (Doc. 107), it is hereby ORDERED that counsel for defendants shall file, on or before January 6, 2006, supplemental documentation relevant to a determination of the prevailing market rates for attorneys of comparable experience.  Failure to file appropriate documentation will result in the denial of the requested fees.

       /s/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[1] Although counsel for defendant submitted into evidence a document printed from a website, the document does not reflect rates for attorneys of comparable experience.  (See Doc. 222, Ex. C.)  Moreover, counsel have not provided any legal authority from which the court could infer that the subject website is appropriate evidence of prevailing market rates.  To the contrary, counsel's proposed internet resource does not appear to be consistent with Third Circuit precedent requiring affidavits of other counsel detailing comparable experience and rates.  See, e.g., Rode v. Dellarciprete, 892 F.2d 1177, 1184-85 (3d Cir. 1990) (reviewing affidavits of other counsel for determination of comparable fee structures and relevant market rates).