IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION,** | : | CIVIL ACTION NO. 1:02-CV-0413 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| Defendant | : | |

### MEMORANDUM

Presently before the court is an affidavit (Doc. 208) filed by counsel for defendant seeking $13,426.50 in fees and costs related to a mistrial in the above-captioned action.

On September 28, 2005, the court granted defendant's motion for sanctions, brought pursuant to 28 U.S.C. § 1927, upon a finding that plaintiff's counsel, Attorney Naren Chaganti ("Attorney Chaganti"), acted in bad faith, multiplying these proceedings and increasing the costs associated therewith.[1]  (See Doc. 206.) Specifically, the court found that Attorney Chaganti's actions necessitated a mistrial on the fourth day of a scheduled two-day trial, and directed defendant to file proof of fees and expenses related to those four days.  The sole issue presently before the court is the reasonableness of the fees and expenses requested.

---

[1] A more elaborate description of this debacle is set forth in the opinion accompanying the order of court dated September 28, 2005 (see Doc. 206), familiarity with which is presumed.

Section 1927 of Title 28 of the United States Code provides for an award of "the excess costs, expenses, and attorneys' fees reasonably incurred" because of an attorney's vexatious conduct. 28 U.S.C. § 1927. The reasonableness of a fee award is based on a "lodestar" method of calculation, whereby the court multiplies a "reasonable hourly rate" by the number of hours "reasonably expended" by an attorney. See Ford v. Temple Hosp., 790 F.2d 342, 349 n.10 (3d Cir. 1986). To determine whether an hourly rate is reasonable the court must conduct an analysis of the proffered fees in light of the geographic area, the nature of services provided, and the experience of the attorneys. See In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005); see also Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346 (3d Cir. 2001) ("An attorney requesting a fee award must establish that rate with reference to the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity."). Further, a party entitled to a fee award is also entitled to reimbursement for the time expended obtaining the award. See Planned Parenthood of Cent. Pa. v. Atty Gen. of State of N.J., 297 F.3d 253, (3d Cir. 2002); see also Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 537 (3d Cir. 1997) ("It is well-settled that under federal law, the time expended by attorneys in obtaining a

2

reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award.").

In the matter *sub judice*, Attorneys Craig R. Shagin ("Attorney Shagin") and Johnna J. Kopecky ("Attorney Kopecky") submitted affidavits of fees and expenses related to their representation of defendant during the four days of trial that resulted in a mistrial. (See Doc. 208.) Attorney Shagin's affidavit reflects that he has been an attorney since 1980. He served as a law clerk to a state appeals court judge for two years, as an associate in a Philadelphia law firm handling litigation and real estate matters for three years, and as Chief Counsel for the Pennsylvania Department of Commerce for eight years. In 1996 Attorney Shagin founded his own firm, where he has since been in general practice. Attorney Shagin has represented clients before numerous state courts, and before the U.S. District Court for the Middle District of Pennsylvania and the Third Circuit Court of Appeals. He has written or co-authored several legal articles, and lectured on behalf of the Pennsylvania Bar Institute. During the course of his representation in this case, Attorney Shagin charged defendant an hourly rate of $185. (See Doc. 222, Ex. A.)

Attorney Kopecky's affidavit reflects that she has practiced law since 1988. She served as a state Assistant District Attorney for two years, and as an associate in a local law firm for twelve years, until she became a shareholder in that firm in 2000. In 2003 Attorney Kopecky joined Attorney Shagin's firm, where she is involved in the general practice of law. Like Attorney Shagin, Attorney Kopecky has represented clients before numerous state courts, as well as before the United

3

States District Courts for the Middle and Eastern Districts of Pennsylvania, and the Third Circuit Court of Appeals. She has written several law related articles, and lectured on behalf of the Cumberland County Bar Association, the Pennsylvania Bar Association, and the National Business Institute. During the period at issue Attorney Kopecky charged defendant an hourly rate of $175. (See Doc. 222, Ex. B.)

Defendant also submits the affidavit of Jonathan H. Rudd, an attorney with the law firm of McNees, Wallace & Nurick LLC. (See Doc. 227.) The affidavit reflects that Attorney Rudd and several other attorneys at that firm with experience comparable to Attorneys Shagin and Kopecky charge hourly rates well above those requested in the matter *sub judice*. The courts finds, based upon this affidavit and the record before it, that the hourly rates of Attorneys Shagin and Kopecky are fair and reasonable.[2]

With respect to the number of hours expended over the course of the four-day trial, defendant seeks reimbursement for 37.9 hours of Attorney Shagin's time, valued at $7,011.50. (See Doc. 208 at 2.) Defendant seeks reimbursement for 28 hours of Attorney Kopecky's time, valued at $4,900. (See id.)

Jury selection in this case commenced at 9:30 a.m. on April 6, 2004. The jury was recessed for lunch at 12:15 p.m., and proceedings resumed an hour later. Court adjourned for the day at 3:20 p.m. Trial commenced the following day at 9:00 a.m. and, due to issues related to plaintiff's trial counsel, concluded at 11:39 a.m.

---

[2] Plaintiff did not dispute the proffered hourly rates. (See Doc. 212 at 13-15.)

Defendant requests reimbursement for twelve hours of Attorney Shagin's time and for ten hours of Attorney Kopecky's time for the first day of trial, and for seven hours of Attorney Shagin's time and five hours of Attorney Kopecky's time for the second day of trial. (See Doc. 208.) The invoices submitted by defendant reflect that counsels' time on these two days was spent preparing for and attending trial. The court finds these the time expended by counsel during the first two days of trial reasonable and in excess of any time that will need to be spent in any retrial of this matter. Accordingly, the fees requested by counsel for these days will be granted.

The third day of trial began at 9:00 a.m on April 8, 2004. A lunch recess was taken at 11:55 a.m, and court resumed at 1:17 p.m, adjourning for the day at 3:55 p.m. Defendant seeks reimbursement for 10 hours of Attorney Kopecky's time for "preparation and trial attendance," and for 13 hours of Attorney Shagin's time, for trial preparation and attendance, and for "researching arguments on charging instructions and on damages." (See Doc. 208 at 3.) The record reflects that the majority of the hours requested were reasonably spent preparing witnesses for examination and for the following day's proceedings. However, those hours expended by Attorney Shagin researching charging instructions and damages issues garnered information that can be used at any retrial of this matter and, hence, are not in excess of any fees related to the mistrial and not recoverable under § 1927. Because the record does not adequately set forth the amount of time expended by Attorney Shagin on these issues, the court cannot discern with reasonable certainty how many hours should be excluded from this fee request.

Accordingly, it will reduce Attorney Shagin's hours for the third day of trial to 5.6 hours, the amount of time actually spent in court on that date.

The final day of trial commenced at 9:00 a.m. on April 12, 2005, and ended thirty-seven minutes later with the court declaring a mistrial. Defendant requests reimbursement for three hours of Attorney Kopecky's time, spent preparing for and attending trial. Defendant requests reimbursement for 5.9 hours of Attorney Shagin's time, two hours of which were spent preparing for and attending trial, and 3.9 hours of which were spent preparing a motion for sanctions.[3] (See Doc. 208.) The court finds the time expended on trial preparation and attendance reasonable, and accordingly will award the fees requested. However, the time spent by Attorney Shagin on the motion for sanctions was time expended on a motion brought pursuant to Rule 11 of the Federal Rules of Civil Procedure. This motion was ultimately denied by this court. (See Docs. 142, 160.) Accordingly, those hours relating to the Rule 11 motion will not be awarded.

Finally, defendant seeks parking reimbursement in the amount of $15, and $1,500 for the purchase of a transcript of the trial. With respect to parking, plaintiff contends that it is "not [a] recoverable [cost] under 28 U.S.C. § 1920." (Doc. 212 at 13.) However, this section is inapposite to the matter presently before the court, as it sets forth costs available to a prevailing party in an action. See 28 U.S.C.

---

[3] According to counsel for defendant, the motion was incorrectly itemized as a brief in "opposition" to sanctions, rather than in "support" of sanctions. (See Doc. 215 at 3-4.)

§ 1920; see also Hygienics Direct Co. v. Medline Indus., Inc., 33 F. App'x 621, 625-26 (3d Cir. 2002) (noting that costs may only be recovered under § 1920 by a party that has "prevailed over [another] on any issue that is fundamental to the action"). As already discussed in this and the opinion of the court dated September 28, 2005 (see Doc. 206), the costs presently being assessed are pursuant to § 1927. Under § 1927 the court finds the cost for parking a reasonable and necessary expense, and one that was made duplicative by the mistrial. Accordingly, the court will award the cost of parking.

With respect to the cost associated with the purchase of a transcript of the trial, defendant argues that it was an expense "necessary to prepare responses to plaintiff's numerous nonsensical motions and interlocutory appeals." (Doc. 215 at 4.) However, the court is unpersuaded that the transcript was a necessary, excess expenditure. Defendant may use portions of the transcript at the retrial of

this matter.  Accordingly, the request for reimbursement for the purchase of the transcript will be denied.[4]

The court will enter an award of costs and attorneys' fees in favor of defendant and against Attorney Chaganti in the total amount of $10,341, comprised of the following:

Attorneys' Fees

Craig R. Shagin ($185/hour)

| | | |
|---|---|---|
| Trial Day 1: | 12 hours | $2,200 |
| Trial Day 2: | 7 hours | $1,295 |
| Trial Day 3: | 5.6 hours | $1,036 |
| Trial Day 4: | 2 hours | $370 |

Johnna J. Kopecky ($175/hour)

| | | |
|---|---|---|
| Trial Day 1: | 10 hours | $1,750 |
| Trial Day 2: | 5 hours | $875 |
| Trial Day 3: | 13 hours | $2,275 |
| Trial Day 4: | 3 hours | $525 |

Costs

Parking:                                                                $15

---

[4] Defendant also seeks $3,579.00 for the preparation of supplemental documentation filed in support of the fee request, most notably as related to the affidavit of Attorney Rudd.  While such affidavits are required to demonstrate the reasonableness of fees and prevailing market rates, (see Docs. 221, 224), the affidavit submitted veered off course.  See id.  Indeed, rather than merely opining as to the reasonableness of the fees, Attorney Rudd spent over ten hours reviewing documents and orders filed in this case, and offered an in-depth analysis on the motion *sub judice* and the history of these proceedings.  (See Doc. 227.)  Such an analysis was not required, as the court is already intimately familiar with these proceedings and the facts underlying the motion *sub judice*.  The court also notes that defendant was repeatedly directed to supplement the record regarding the reasonableness of its fee request.  (See Docs. 221, 224.)  It will not penalize Attorney Chaganti for counsel's initial shortcomings.  Accordingly, defendant's request associated with supplemental documentation will be denied.

8

An appropriate order will issue.

   /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated: February 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNAR SOFTWARE CORPORATION,** : | CIVIL ACTION NO. 1:02-CV-0413 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **FORTUNE 500 SYSTEMS, LTD.,** : | |
| : | |
| **Defendant** : | |

### ORDER

AND NOW, this 6th day of February, 2006, upon consideration of defendant's motion (Doc. 163) for sanctions and the affidavits of costs and fees submitted in support thereof (see Docs. 208, 215, 222), and for the reasons set forth in the accompanying memorandum and the order of court dated September 28, 2005 (Doc. 206), it is hereby ORDERED that Naren Chaganti shall forthwith tender to defendant $10,341 and file proof thereof with the court.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge