IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION**, | : | CIVIL ACTION NO. 1:02-CV-0413 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.**, | : | |
| | : | |
| Defendant | : | |

### ORDER

And now, this 7th day of February, 2006, upon consideration of the motion (Doc. 242), filed by Naren Chaganti ("Chaganti"), plaintiff's former counsel, for leave to file documents on "matters pending with this court" and of the documents filed thereto,[1] (see Docs. 240, 241, 243, 244, 245, 246), including a motion (Doc. 240) to stay the imposition of sanctions against Chaganti pending appeal,[2] arguing that "once a fine is paid it may be deemed moot and unreviewable," (see Doc. 241 at 2),

---

[1] The motion is imprecise, and it is unclear to the court which of the six documents that Chaganti is moving for leave to file. Out of an abundance of caution the court will review each document, but notes for the record that leave is not required for submissions made by Chaganti in his individual capacity. See infra notes 3 & 4 and accompanying text.

[2] By the order of court dated September 28, 2005 (Doc. 206), the court granted defendant's motion for sanctions against Chaganti pursuant to 28 U.S.C. § 1927 after finding that Chaganti, in his initial role as the attorney of record for plaintiff, acted in bad faith, multiplying these proceedings and increasing the costs associated therewith. Following additional briefing by Chaganti and defendant on the issue of the reasonableness of the relief sought (see Docs. 208, 212, 213, 215, 222, 224, 227; see also Docs. 209, 211), the court awarded defendant $10,341 in attorneys' fees and costs (see Doc. 239).

and it appearing that Chaganti has a right to be heard on matters relevant to him in his individual capacity,[3] but that he is a material witness in this case and not permitted to file documents on plaintiff's behalf,[4] (see Doc. 204 (order of court dated September 15, 2005, finding that "Chaganti's role as a material witness in this case raises significant professional and ethical considerations warranting his substituion") see also Docs. 192, 199, 211, 214), and the court finding that Chaganti's compliance with the dictates of the sanction does not moot any appeal of the order imposing that sanction, see Elkin v. Fauver, 969 F.2d 48, 54 & n.4 (3d Cir. 1992) (stating that paying of fine does not moot appeal contesting fine); Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 99 (3d Cir. 1988) ("Swift disposition of a [motion for sanctions] is essential so that any ensuing challenge to it might be included with the appeal on the merits. This approach serves the interest of judicial economy without risking a significant waste of district court efforts."); see also Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 495 (3d Cir. 1989) ("[A] district court, after . . . [the] filing of a notice of appeal, retains the power to adjudicate

---

[3] Documents 240, 241, and 242 are relevant to Chaganti in his individual capacity and, therefore, are properly before the court.

[4] Indeed, Mr. Chaganti was strongly cautioned by the court against the filing of documents on plaintiff's behalf. (See Doc. 214 (striking from the docket submissions made by Chaganti on behalf of plaintiff and warning that "[a]ll future pleadings, motions, and documents containing legal arguments that are filed on behalf of plaintiff shall be filed by counsel of record, Attorney Karim P. Husain . . . . Failure to comply with this paragraph may result in sanctions or contempt proceedings."); see also Docs. 192, 199, 204, 210, 211.) Documents 243, 244, 245, and 246 were filed improperly by Chaganti on plaintiff's behalf.

collateral matters such as applications for counsel fees and motions for sanctions . . . ."), that there does not exist a substantial likelihood of success on appeal,[5] and that a stay would not be in the interest of justice, see Marshall v. Berwick Forge & Fabrication Co., 474 F. Supp. 104, 108 (M.D. Pa. 1979); see also FED. R. APP. P. 8(a)(1), it is hereby ORDERED that:

1. The motion (Doc. 242) for leave to file documents is GRANTED in part and DENIED in part as follows:

---

[5] The brief in support of the motion erroneously states that the court imposed sanctions during a stay of proceedings without affording Chaganti the right to be heard, in violation of his procedural due process rights. (See Doc. 241 at 1-2.) However, the court granted defendant's motion for sanctions only after Chaganti and defendant were afforded an opportunity to brief the matter. (See Docs. 163, 164, 174, 206; see also Docs. 165, 170.) Upon ruling on the merits of this motion the only matter remaining for the court's attention was a determination of the appropriateness of the relief requested (see Doc. 206), and Chaganti was afforded the opportunity to contest the reasonableness of that relief. See supra note 2. Indeed, the stay of proceedings to which Chaganti alludes was imposed after Chaganti was found to have acted in bad faith, and applies to briefing on a different motion for sanctions currently pending before the court. (Compare Doc. 206 (order of court dated September 28, 2005, granting defendant's first motion for sanctions against Chaganti), with Doc. 229 (defendant's second motion for sanctions against Chaganti, filed January 6, 2006), and Doc. 236 (order of court dated January 19, 2006, directing briefing on second motion for sanctions to be held in abeyance and scheduling hearing)); see also infra note 7. Nor is Chaganti precluded from filing documents in his individual capacity, but only from filing documents on behalf of plaintiff. See supra notes 1, 3, 4. In imposing sanctions the court relied on the briefs of the parties and a transcript of a four-day proceeding that, because of Chaganti's bad faith conduct, ended in a mistrial. (See Docs. 206, 239); see also Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 279 (3d Cir. 1999) ("[T]he imposition of sanctions does not necessarily mandate an oral or evidentiary hearing . . . [rather,] [t]he concept of due process is flexible and whether a hearing is required depends upon the circumstances . . . ."); id. (holding that a hearing before the imposition of sanctions was unnecessary where the individual "had both fair notice of the charges and an opportunity to respond").

        a.       The motion (Doc. 242) is GRANTED to the extent that the documents submitted are filed by Naren Chaganti on his own behalf and related to matters relevant to Naren Chaganti in his individual capacity.[6]  (See Docs. 240, 241.)

        b.       The motion (Doc. 242) is DENIED to the extent that the documents submitted relate to matters relevant to the representation of plaintiff's interests in this case.  (See Docs. 243, 244, 245, 246.)  The Clerk of Court is directed to STRIKE documents numbered 243, 244, 245, and 246 from the docket.[7]

2.      The motion (Doc. 240) to stay the imposition of sanctions against Naren Chaganti is DENIED.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge

---

[6] See supra note 1.

[7] Document 243 is a brief in opposition to defendant's pending motion (Doc. 229) to dismiss and for additional sanctions.  Briefing on this issue was held in abeyance by the order of court dated January 19, 2006 (Doc. 236).  A hearing on this motion, and on a motion filed by counsel for plaintiff for leave to withdraw, is scheduled to commence at 10:00 a.m. on February 23, 2006.  (See Doc. 238; see also Docs. 231, 236.)