IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION,** | : | CIVIL ACTION NO. 1:02-CV-0413 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

And now, this 16th day of February, 2006, upon consideration of the motion (Doc. 250), filed by Naren Chaganti ("Chaganti"), for reconsideration of the order of court dated February 6, 2006 (Doc. 239), which directed Chaganti to tender to defendant $10,341 in attorney's fees and costs related to a mistrial in the above-captioned case,[1] arguing that an affidavit (Doc. 227) submitted by defendant in support of its fee request should have been excluded because the affiant "[was] not qualified as an expert in the field of attorney's fees," and it appearing that the affidavit was submitted for the purpose of assessing prevailing market rates for attorneys of comparable experience (see Docs. 224, 227), see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005) (stating that courts are to conduct a "robust" analysis of the reasonableness of proffered fees in light of the geographic

---

[1] By the order of court dated September 28, 2005 (Doc. 206), the court found that Chaganti, as former counsel for plaintiff, had acted in bad faith, multiplying these proceedings and increasing the costs associated therewith. See 28 U.S.C. § 1927. The February 6, 2006 order at issue *sub judice* addressed the reasonableness of the fees and costs that defendant sought to recover. (See Doc. 239.)

area, nature of services provided, and experience of the attorneys); Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."), that the affidavit does not proffer any scientific, technical, or other specialized knowledge, see FED. R. EVID. 702 (stating that court may qualify expert where "scientific, technical, or other specialized knowledge will assist the trier of fact"); see also Hall v. Borough of Roselle, 747 F.2d 838, 841 (3d Cir. 1984) (stating that expert testimony is not needed for attorney's fee determination); Tranberg v. Tranberg, 456 F.2d 173, 175 (3d Cir. 1972) (same), and that Chaganti failed to object to or address the reasonableness of the affidavit,[2] see Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) ("The party opposing the fee award has the burden to challenge by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee."; id. ("[T]he district court cannot decrease a fee award based on factors not raised at all by the adverse party."), it is hereby ORDERED that the

---

[2] The affidavit was filed on January 5, 2006—approximately one month before the issuance of the order that Chaganti now moves the court to reconsider. (Compare Doc. 227 with Doc. 239; see also Doc. 247.)

motion for reconsideration (Doc. 250) is DENIED.[3]

                                                          S/ Christopher C. Conner
                                                          CHRISTOPHER C. CONNER
                                                          United States District Judge

---

[3] Although the instant motion also seeks reconsideration of the orders of court (Docs. 247, 249) striking documents filed by Chaganti on behalf of plaintiff (see Docs. 243-46, 248), the brief in support of the motion does not address these issues (see Docs. 251) or set forth any grounds for reconsideration.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); see also Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."); Prusky v. Prudential Ins. Co. of Am.,  44 Fed. App'x 545, 548 (3rd Cir. 2002) (stating that motion for reconsideration "is not to allow a party to 'simply change theories and try again,' thus giving them a 'second bite at the apple.'") (quoting Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.1995)).  Accordingly, the court will not reconsider these prior orders (Docs. 247, 249).