## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNAR SOFTWARE** | : | **CIVIL ACTION NO. 1:02-CV-0413** |
| **CORPORATION,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Presently before the court is defendant's motion (Doc. 229) to dismiss the above-captioned action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as a sanction for the filing by Naren Chaganti ("Mr. Chaganti"), the president and sole shareholder of plaintiff corporation, of a document under counsel's name, without prior authorization from counsel and in direct violation of several orders of court.  For the reasons set forth below, the motion will be granted.

## I.   <u>Statement of Facts</u>

Since its transfer from the U.S. District Court for the Northern District of California in March 2002, the instant action has consumed considerable court time and resources, in large measure because of Mr. Chaganti's unwillingness to comply with orders and rules of the court.  At the time of transfer, Mr. Chaganti, a licensed attorney, was admitted *pro hac vice* to practice before the court and, pursuant to

local rules, was required to obtain the services of associate counsel.[1]  Two years

later, on the eve of the pretrial conference and only after being ordered to do so, Mr.

Chaganti finally complied with the Local Rules and associate counsel entered an

appearance in this case. (See Doc. 130.)

The pretrial conference was held on March 17, 2004.  (See Doc. 83.)  Mr.

Chaganti was forty-five minutes late for the conference.  It soon became apparent to

the court that he had not fulfilled his obligations under Local Rule 16.3(b), and had

violated an order of court, by failing to initiate a conference with counsel for

defendant and failing to provide counsel for defendant with copies of the exhibits

which plaintiff intended to introduce at trial.  (See Docs. 84, 112.)  As a result, the

court was unable to record any stipulations of counsel as to authenticity or

admissibility of exhibits or on any other matter.  The court subsequently assessed

against Mr. Chaganti defendant's attorney's fees related to attendance at the

conference.  (See Doc. 112.)

As a result of defendant's motion in limine, the court became aware that Mr.

Chaganti might attempt to testify at trial based upon his personal knowledge of

events relevant to plaintiff's claims.  (See Doc. 75 at 8).  The court denied

defendant's motion based upon Mr. Chaganti's oral representations that associate

---

[1]  See L.R. 83.12 (requiring associate counsel for attorneys not eligible for
admission to the bar of the Middle District); id. 83.9.3 (governing pro hac vice
admission).  It is noted that the local rules have been amended, and these
requirements are now found at rules 83.9 and 83.8.2.1, respectively.

counsel would conduct his examination, limited solely to the authentication of certain correspondence.  (See Doc. 102 at 6; Doc. 133 at 190, 196.)

Trial of this case commenced on April 6, 2004.  Prior to jury selection, associate counsel moved to withdraw his appearance, averring that he did not believe himself to be "particularly competent" to try the case because Mr. Chaganti had not spoken with him about the trial or provided any files or materials relevant to the issues to be tried.  (See Doc. 132 at 3-5; Doc. 133 at 193-94.)  When questioned about this assertion, Mr. Chaganti replied that he had not contacted associate counsel because a witness had recently become available whose testimony would obviate the need for Mr. Chaganti to take the stand.  (See Doc. 132 at 3-5; Doc. 133 at 191.)  Based upon these representations the court determined that associate counsel was not prepared to participate in a meaningful way, and the court excused associate counsel from trial.  (See Doc. 132 at 5-6.)

Inexplicably, during his opening statement Mr. Chaganti suggested on the record that he intended to testify.  (See Doc. 132 at 108.)  Following the examination of plaintiff's "principal" witness it became increasingly clear that Mr. Chaganti was the only available individual possessing first-hand knowledge of certain material issues.[2]  (See Doc. 132 at 74, 109.)  The court excused the jury and again inquired whether Mr. Chaganti intended to testify.  Mr. Chaganti stated that, given the

---

[2]  Mr. Prathap Singireddy, a citizen of India whose whereabouts are currently unknown, is a computer programmer who is at the center of this dispute.  (See Doc. 49 at 4-7.)

limited knowledge of his witness, he needed to testify regarding certain material facts in support of his company's claims.  Mr. Chaganti acknowledged that his testimony would not be limited and would "cover the entire case." (<u>See</u> Doc. 132 at 109-10; Doc. 133 at 186, 191; Doc. 135 at 421.)  The court excused the jury and directed counsel to meet and confer for the purpose of stipulating to material facts in an effort to resolve this dilemma.  Unfortunately, the parties could not reach an agreement on either the facts or the scope of Mr. Chaganti's testimony. (<u>See</u> Doc. 132 at 114-15; Doc. 133 at 192-93.)

The following morning, the second day of trial, Mr. Chaganti entered court with his former associate counsel.  Associate counsel was permitted to conduct the direct examination of Mr. Chaganti, who testified at length in support of plaintiff's claims. (<u>See</u> Doc. 133 at 121-85.)  After the jury was excused for a brief recess, associate counsel informed the court that he was given the distinct impression by Mr. Chaganti that the court had *ordered* him to re-enter his appearance.[3] (<u>See</u> Doc. 133 at 185, 193-95.)  The court explained to associate counsel that it had not directed his reappearance in the case; it had merely suggested to Mr. Chaganti that the reentry of associate counsel was an alternative means of bringing this case to its logical conclusion. (Doc. 133 at 186.)  The court informed associate counsel that, because Mr. Chaganti was now a material witness, associate counsel would be

---

[3] As associate counsel later explained, he "fel[t] that [he] was dragged to [the] courtroom . . . under questionable circumstances, and had [he] known the truth [he] would not have come in the first place." (<u>See</u> Doc. 135 at 428.)

expected to assume full responsibility for this matter.  Specifically, the court

advised that, if associate counsel chose to stay in these proceedings, he would serve

as trial counsel and be expected to examine witnesses, participate in a charge

conference, and provide a closing statement to the jury.  (Doc. 133 at 186.)  After

additional prodding by the court, associate counsel indicated that he would be able

to assume the obligations of trial counsel if he had one more day to prepare.  (See

Doc. 133 at 197-98.)  Accordingly, the court excused the jury for the day to facilitate

counsel's preparation for the remainder of the trial.  (See Doc. 133 at 198-99.)

During the next day of trial, associate counsel competently presented

plaintiff's case.  (See Doc. 134 at 205).  However, before trial commenced the

following morning, associate counsel notified the court that he had been discharged

by Mr. Chaganti for other than financial reasons.  (See Doc. 135 at 417-18.)  Mr.

Chaganti admitted the fact of termination, expressing serious concerns over

associate counsel's legal strategy, lack of familiarity with the facts of the case,

and—ironically—his desire to learn more about the facts of the case before

proceeding with the representation.  (See Doc. 135 at 418-30.)  Mr. Chaganti also

expressed dismay that associate counsel would do anything in this case other than

"read the script" that Mr. Chaganti had provided to him.  (See Doc. 135 at 421-22).

The court concluded that the relationship between associate counsel and plaintiff

was irretrievably broken, and declared a mistrial.  (See Doc. 135 at 429-30.)

By the order of court dated July 23, 2004 (Doc. 130), the costs of impaneling

the jury were assessed against plaintiff.  Plaintiff was directed to submit this sum to

the Clerk of Court on or before September 1, 2004. (See Doc. 130 ¶ 3.) The court
also ordered Mr. Chaganti to comply, on or before September 1, 2004, with the prior
order of court directing him to pay defendant's attorney's fees related to the pretrial
conference.[4] The court warned Mr. Chaganti that failure to comply would result in
a rule to show cause why the court should not deem his complaint abandoned. Mr.
Chaganti appealed these orders to the Third Circuit Court of Appeals. (See Docs.
136, 137.)

On October 28, 2004, the Third Circuit dismissed plaintiff's appeal for lack of
jurisdiction. The court ordered Mr. Chaganti to comply with the prior orders of
court and remit payment on or before December 1, 2004. (Doc. 143.) On November
29, 2004, Mr. Chaganti filed a motion to stay the court's order of sanctions. On
December 17, 2006, the court denied plaintiff's motion to stay and directed plaintiff
and its counsel to comply with the court's prior orders on or before December 30,
2004. (See Doc. 156.) Plaintiff and its counsel did not timely comply, but eventually
filed a verification of payment to defendant (see Doc. 157), and submitted payment
to the Clerk of Court (see Doc. 162).

On Friday, December 31, 2004—a federal holiday—Mr. Chaganti
electronically filed a document titled "Notice of Absence of Counsel." (Doc. 159.)
The one-paragraph document informed the parties and the court that, as of

---

[4] The order of court dated April 13, 2004 (Doc. 112) directed Mr. Chaganti to
pay, within thirty days, $1,552.50 to counsel for defendant. (See Doc. 130; see also
Doc. 84.)

Saturday, January 1, 2005, Mr. Chaganti would be unavailable to fulfill his

obligations in the instant case for two months.[5]  According to the "Notice," Mr.

Chaganti would be in India, "visit[ing] and assist[ing] his family and friends in

recovery efforts" related to the tsunamis that devastated southern Asia on

December 26, 2004.

While the court empathized with the stated purpose of Mr. Chaganti's

absence, the single-paragraph "Notice" did not provide a sufficient basis for the

court to grant an extended stay.  It was not a motion.  It was not accompanied by a

supporting brief or affidavits and, beyond generalities, did not provide any basis for

a two-month stay of proceedings.  It did not contain a certificate of concurrence or

nonconcurrence of opposing counsel or otherwise comport with local rules of court.

See L.R. 7.1.  It was, in effect, Mr. Chaganti's attempt to impose unilaterally a two

month stay of proceedings.

In its memorandum (Doc. 161) addressing this document the court noted that

the filing underscored a continuing problem with the scope of Mr. Chaganti's

representation of his company.  Nine months after the mistrial, Mr. Chaganti was

the sole attorney of record for plaintiff, and—despite the directives of Local Rule

83.12 and several orders of court—was still proceeding in this case case *pro hac vice*

---

[5]  Because the "Notice" was filed on a holiday immediately preceding a
weekend, the court was not notified of counsel's unavailability as of January 1, 2005,
until January 3, 2005.

without the assistance of associate counsel.[6]  Accordingly, the court directed Mr.

Chaganti to comply with the local rules and to provide the court with an entry of

appearance of associate counsel on or before February 4, 2005.  (Doc. 161.)  In

recognition of the unresolved problem of Mr. Chaganti's possible role as witness at

retrial, the court also directed him to file a declaration notifying the court whether

he intended to testify as a witness in the retrial of this matter.  The order stated

that, if Mr. Chaganti identified himself as a trial witness, he would be required to

withdraw as counsel of record and to substitute new trial counsel.[7]  (Doc. 161 at 4-5.)

Less than two weeks later the court was again required to address the

inappropriateness of Mr. Chaganti's filings.  On January 17, 2005, he filed a brief in

opposition to defendant's motion for sanctions related to the mistrial.  (Doc. 165).

The document reflected a lack of professionalism, and was a diatribe of factually

unsupported, impertinent, scandalous, and irrelevant accusations lodged against

opposing counsel and the court.  (See Docs. 165, 169; see also Doc. 170.)  The

document also demonstrated Mr. Chaganti's continuing disregard of the procedural

rules of court and underscored the need for associate counsel.[8]  Accordingly, the

---

[6] See supra note 1.

[7] See supra note 4.

[8] Buried within Mr. Chaganti's harangue were two, untimely motions for
reconsideration.  See L.R. 7.10 ("Any motion for reconsideration or reargument
shall be filed within ten (10) days after the entry of the judgment, order or decree
concerned."); see also id. 7.1 (requiring the submission of a proposed form of order).

8

document was stricken, and the proceedings stayed pending the entry of

appearance of associate counsel, who would then be given sufficient time to file an

appropriate response to defendant's motion for sanctions.  (See Doc. 169; see also

Doc. 171.)

Mr. Chaganti subsequently filed a declaration stating that he would not

testify during the retrial of this case.  (See Doc. 173.)  However, as of February 17,

2005, he had not complied with the orders of court (Docs. 161, 169) directing him to

file an entry of appearance of associate counsel.  (See Doc. 175.)  Hence, Mr.

Chaganti was directed to show cause why this case should not be dismissed

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to

prosecute and otherwise comply with the orders and rules of court.  (Doc. 175.)  Mr.

Chaganti filed a response stating that he was overseas and "d[id] not have any

information about what happened" to the attorney whom he had purportedly

retained to enter his appearance in this case.  (See Doc. 176.)  The response

included numerous false assertions.[9]  Nevertheless, the court gave Mr. Chaganti

additional time—until March 9, 2005—to show cause why this case should not be

dismissed.  (See Doc. 177.)  Mr. Chaganti's subsequent response stated that he had

retained Attorney Karim P. Husain ("Attorney Husain") to serve as associate

---

[9]  (See Doc. 176 at 3 ("[P]laintiff believes that the court has decided to dismiss
the case for any reason or for no reason."); Doc. 176 at 3 ("[I]t is believed that the
court dislikes the current counsel and would like to displace him with local
counsel."); Doc. 176 at 3 ("When [d]efendant violated innumerable local rules and
federal rules, the court ignored them . . . .").

counsel in this matter, but that Mr. Chaganti had "[n]o further information" as to why Attorney Husain had not entered his appearance in this case.  (Doc. 178.)

Based upon Mr. Chaganti's representation that he would not testify at a retrial of this matter, the court lifted the stay and placed this case on the April 2005 trial calendar.  (See Doc. 180.)  At the final pre-trial conference on March 25, 2005, Mr. Chaganti assured the court that associate counsel would be entering an appearance forthwith.  (Doc. 192.)  However, contrary to his declaration (see Doc. 173), Mr. Chaganati informed the court that he wished to proceed as trial counsel and, if necessary, as a witness.  (See Doc. 192; Doc. 189 at 1, 3-4, 42.)  Indeed, *both* parties listed Mr. Chaganti as a trial witness in pre-trial memoranda.  (See Docs. 184, 187, 192).  Quite simply, the parties were unable to identify any witnesses who could testify effectively in lieu of Mr. Chaganti.  (Doc. 192; Doc. 191 at 12, 24, 31-32, 35.)  Moreover, counsel for defendant stated that the gravamen of its defense rests upon Mr. Chaganti's personal knowledge as an officer for plaintiff involved in the transaction giving rise to this dispute.  (Doc. 192.)  Given this discussion at the pretrial conference, the court found that Mr. Chaganti was an essential witness with personal knowledge of the facts and circumstances in dispute, and his roles as trial counsel and material witness mutually exclusive.[10]  Hence, the court ruled that Mr.

---

[10]  Indeed, Mr. Chaganti described his attorney-witness role in this case as "conflicting."  (See Doc. 191 at 43.)

Chaganti would be permitted to testify at the retrial, but that he would not be permitted to act as trial counsel for plaintiff.[11]  (Doc. 192.)

These proceedings were again stayed to allow Mr. Chaganti sufficient time to retain trial counsel (see Doc. 192), and he was directed to file an entry of appearance for same on or before May 13, 2005.  (See Doc. 196.)  On May 16, 2005 Mr. Chaganti untimely filed a notice of appearance for Attorney Husain.  (Doc. 198.) The docket was subsequently amended to reflect the entry of Attorney Husain and the withdrawal of Mr. Chaganti (Doc. 199), and the stay was again lifted and this case placed on the January 2006 trial list (Doc. 203).

On May 19, 2005, Mr. Chaganti moved for the court to reconsider its decision that he could not serve as trial counsel, and requested that his name be again added

---

[11]  See L.R. 43.1 ("If an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court."); see also PA. RULES PROF'L CONDUCT R. 3.7 (ethical rule against advocate as a witness); L.R. 83.23.2 (adopting Pennsylvania Rules of Professional Conduct); Commonwealth v. Willis, 552 A.2d 682, 696 (Pa. Super. Ct. 1988) ("[A]ppearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts."); 27 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 6012 (2005) ("[T]he conflicting roles of the advocate witness make it difficult for the trier of fact to distinguish between the logic of the advocate and the credibility of the witness.").  The Court of Appeals for the Third Circuit has also "condemned" the practice of counsel serving as a witness for a client.  See Sheet Metal Workers' Local 28 v. Gallagher, 960 F.2d 1195, 1208 n.8 (3d Cir. 1992); Universal Athletic Sales Co. v. Am. Gym, Rec'l & Athletic Equip. Corp., 546 F.2d 530, 538-39 (3d Cir. 1976); Kramer v. Sci. Control Corp., 534 F.2d 1085, 1090-92 (3d Cir. 1976); see also Jerald J. Director, Annotation, Attorney as Witness for Client in Federal Case, 9 A.L.R. FED. 500 (2004); 81 AM. JUR. 2D Conflict of Interest § 219 (2004); 4 JOHN WILLIAM STRONG, MCCORMICK ON EVIDENCE § 68 (5th ed. 2003).

to the docket as counsel for plaintiff and that he be permitted to continue filing documents with the court.  (Doc. 200.)  The court denied the motion, emphasizing that Mr. Chaganti's role as a material witness in this case warranted his substitution.  (Doc. 204.)

Although he was terminated as counsel of record, Mr. Chaganti continued to file documents on plaintiff's behalf.  For example, he filed a response to defendant's affidavit of costs related to the mistrial.  (See Doc. 209.)  The court directed this document stricken from the docket, without prejudice to Mr. Chaganti's right to file a response to defendant's affidavit of costs that was based upon Mr. Chaganti's personal knowledge, and limited to the issue of the reasonableness of the costs for trial as set forth in the defendant's affidavit.  (Doc. 211.)  The court clarified that, in the future, it would only accept "pleadings, motions, and other documents containing legal arguments" filed by counsel of record, to wit:  Attorney Husain. (Doc. 211.)

Six days after the court issued the above order, Mr. Chaganti filed a "response" to the affidavit of costs, in which he moved for reconsideration of several prior orders of court.[12]  (Doc. 213.)  The court ordered the Clerk of Court to strike those portions of the "response" which did not address defendant's affidavit

---

[12]  Although the document was captioned a "response" to defendant's affidavit of costs, it clearly sought reconsideration of an order of court assessing the costs of the mistrial against Mr. Chaganti, and an order of court—issued over one year before—that granted partial summary judgment in favor of defendant.  (See Doc. 212 at 1, 3 n.1.)

of costs, and directed that "all future pleadings, motions, and documents containing legal arguments that are filed on behalf of plaintiff shall be filed by counsel of record, Attorney Karim P. Husain." (Doc. 214 at 2.) The court also warned Mr. Chaganti that failure to comply with this provision could result in sanctions or contempt proceedings. (See Doc. 214.)

On December 1, 2005, Attorney Husain filed a pretrial statement and a motion in limine, requesting that the court take judicial notice of certain facts and federal immigration law issues, and averring—for the first time—that California law should apply at trial. Attorney Husain was directed to file a brief in support of these positions, and to address specifically whether California law should apply, particularly in light of plaintiff's failure to raise the issue until the eve of retrial.[13] (See Docs. 15, 220.) The court once again moved trial, to the February 2006 term, so that these issues could be briefed by the parties. (See Doc. 220.)

On December 19, 2005, plaintiff filed a document titled "Plaintiff's Response to the Court's Order of December 12, 2005." (Doc. 223.) This document is a brief in support of plaintiff's positions, particularly with regard to California law, and contains legal arguments and case citations. (Doc. 223.) The first page lists Attorney Husain's name and address. It is electronically signed "Karim P. Husain," and the certificate of service again is electronically signed "Karim P. Husain."

---

[13] Indeed, in its motion for summary judgment plaintiff asserted that Pennsylvania law applied to the instant matter. (See Docs. 33, 34.)

13

(Doc. 223.)  However, the annotation on the docket reflects that the document was filed using Mr. Chaganti's court-issued computer identification name.

On January 5, 2006 Attorney Husain filed an unopposed motion to withdraw this document, stating that it had been filed by Mr. Chaganti without Attorney Husain's permission.  (Doc. 225.)  Simultaneously, Attorney Husain filed a motion to withdraw from this case.  (Doc. 226.)  That motion states:

> Plaintiff has failed to cooperate with [Attorney Husain] in providing the facts and information necessary to provide a thorough preparation of plaintiff's case.  Plaintiff has been abusive and belligerent to [Attorney Husain], as well as to counsel for the defendant.  Plaintiff filed Plaintiff's Response To The Court's Order of December 12, 2005 on December 21, 2005 [sic], on behalf of [Attorney Husain] without specific permission to do so. [Attorney Husain] does not have confidence in plaintiff. [Attorney Husain] avers that it is not possible to continue representation of plaintiff within the bounds of the Rules of Professional Conduct.

(Doc. 226 at 1.)  Thereafter, defendant filed the instant motion to dismiss and for sanctions.  (Doc. 229.)  The motion argues that Mr. Chaganti violated several orders of court by the unauthorized filing of the document, and that dismissal of this case, with prejudice, is an appropriate sanction under Rule 41(b) of the Federal Rules of Civil Procedure.

In light of the potential consequences of these averments, the court directed Mr. Chaganti to file on or before January 13, 2006 an affidavit—under seal—addressing each of the allegations raised by Attorney Husain in his motion to withdraw, and to show cause why Attorney Husain should not be permitted to withdraw from this case.  (Docs. 231, 232.)  Briefing on the motion to dismiss and for sanctions was held in abeyance.  (Docs. 236.)

14

Mr. Chaganti untimely filed an affidavit on January 17, 2006, in which he admitted to filing the document at issue. (Doc. 235 ¶ 28.) A hearing was scheduled to be held on the motion to withdraw and, if possible, to hear argument on the motion to dismiss, on January 27, 2006. (Doc. 236.) Due to counsel's scheduling problems the hearing was ultimately convened on February 23, 2006. (Doc. 238.)

In the interim, Mr. Chaganti continued to file documents with the court on behalf of plaintiff. On February 6, 2006, following several rounds of briefing on the appropriateness of the attorney's fees sought by defendant in connection with the mistrial, the court directed Mr. Chaganti to tender forthwith $10,341 to defendant and to file proof thereof with the court. (Doc. 239.) In response, Mr. Chaganti filed several documents with the court (see Docs. 240, 241, 243, 244, 245, 246), including a motion (Doc. 240) to stay the imposition of sanctions pending appeal of the September 2005 order imposing sanctions. The court denied the motion to stay the imposition of sanctions. The court also directed the Clerk of Court to strike from the record documents filed by Mr. Chaganti on behalf of plaintiff. The court reminded Mr. Chaganti that he was not counsel of record and hence not permitted to file documents on behalf of plaintiff. (Doc. 247.) The following day Mr. Chaganti filed an amended notice of appeal on behalf of plaintiff. (Doc. 248.) The court ordered this document stricken, for the same reasons set forth in the previous day's order. (Doc. 249.)

On February 23, 2006, a hearing was held on the motions to withdraw and to dismiss. (Doc. 255.) With respect to the motion to withdraw, the court conducted a

closed hearing.  Following extensive testimony from Attorney Husain and Mr.

Chaganti, the court found that reasonable notice was provided and that reasonable

cause existed for Attorney Husain's withdrawal; specifically, the court found that

the attorney-client relationship had been irretrievably broken for other than

financial reasons.  The court also found that Mr. Chaganti intentionally filed the

December 19, 2005 document on behalf of plaintiff in willful disregard and direct

violation of several orders of court, and that Mr. Chaganti affixed Attorney Husain's

name on the document without Attorney Husain's knowledge or permission.

Accordingly, Attorney Husain's motion to withdraw from this case was granted.

Because briefing on the motion to dismiss and for sanctions had been stayed,

and as plaintiff was no longer represented by counsel, the court gave plaintiff

additional time to retain counsel and to address defendant's motion.  The court

noted that the motion to withdraw had been pending for approximately forty-five

days, and that Mr. Chaganti had yet to undertake efforts to secure new counsel.

Nevertheless, the court granted plaintiff an additional thirty days to secure new

counsel, and an additional fifteen days for new counsel to respond to the pending

motion to dismiss.  Accordingly, plaintiff was directed to cause to be filed a notice of

appearance of counsel on or before April 10, 2006, and a brief in opposition to the

motion to dismiss was due on or before April 21, 2006.  (Doc. 257; Doc. 272 at 3-5.)

The court also admonished Mr. Chaganti for recent *ad hominem* attacks on

opposing counsel, and reiterated its directive to remit payment for the costs of the

mistrial.  (Doc. 272 at 5-7.).

16

On April 10, 2006, Mr. Chaganti filed a notice, advising the court that he was unable to locate counsel, and requesting that the court reconsider its previous orders and allow him to serve as trial counsel and to read to the jury a transcript of the testimony that he gave at the original trial.  (See Doc. 263.)  The court denied Mr. Chaganti's request, but granted, *sua sponte*, an additional 30 days to locate new counsel.  (Doc. 264.)  Thereafter, Attorney Shane B. Kope entered his appearance as counsel of record for plaintiff (Doc. 266), and filed a brief in opposition to the instant motion (Doc. 268).  Defendants filed a reply brief (Doc. 269) and, without leave of court, plaintiff filed a sur-reply brief (Doc. 270).  Accordingly, defendant's motion to dismiss and for sanctions is now ripe for disposition.

## II.   <u>Discussion</u>

Defendant's motion requests that the court dismiss this case pursuant to Rule 41(b) for Mr. Chaganti's filing of the December 19, 2005 document, in violation of several orders of court.  In deciding whether to dismiss a case under 41(b), the court must balance several factors: (1) the extent of the party's personal responsibility for the act under scrutiny; (2) the prejudice to the adversary caused by the action; (3) whether their exists a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also

Emerson v. Thiel, 296 F.3d 184, 190 (3d Cir. 2002).[14]  Dismissal of a case is a harsh

remedy that should be resorted to only in extreme cases.  See Mindek v. Rigatti, 964

F.2d 1369, 1373 (3d Cir. 1992).  However, it is appropriate where the plaintiff has

caused undue delay or engaged in contumacious conduct.  See Guyer v. Beard, 907

F.2d 1424, 1429 (3d Cir. 1990); see also Sebrell ex rel. Sebrell v. Phila. Police Dep't,

159 F. App'x 371, 373 (3d Cir. 2005).

    With respect to the first factor—the extent of the plaintiff's personal

responsibility—the court finds that this factor weighs in favor of granting

defendant's motion to dismiss.  Mr. Chaganti, the president and only shareholder of

plaintiff corporation, is solely responsible for the instant violation.  Mr. Chaganti

drafted the December 19, 2005 document.  He affixed Attorney Husain's name to

the document, without Attorney Husain's knowledge or permission.  And Mr.

Chaganti electronically filed this document with the court, despite the orders of

court forbidding him to do so.

    The second factor—prejudice to the opposing party—also weighs in favor of

granting defendant's motion.  Mr. Chaganti's filing of the December 19, 2005

document has once again protracted these proceedings, and has required

defendant to assume the cost of continued preparation for trial.  In addition, the

court would be remiss if it did not take note of the similarities between Mr.

---

[14] But see Sebrell ex rel. v. Phila Police Dep't, 159 F. App'x 371, 374 (3d Cir. 2005) ("[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.").

Chaganti's most recent conduct and that which immediately preceded the mistrial. In both instances, associate counsel alleged that they were ill–prepared as the result of Mr. Chaganti's refusal to cooperate and failure to supply necessary documents and information.  In both instances, associate counsel sought to withdraw from the case *sub judice* on the eve of its logical conclusion.

With respect to the third factor for dismissal under Rule 41(b), the history of this case reflects continuous and systematic pattern of dilatoriness on the part of Mr. Chaganti.  Indeed, a review of the docket reflects an utter disregard for federal

and local rules of procedure, as well as court-imposed deadlines.[15]   See <u>Adams v.</u>

---

[15] The docket in this case is replete with examples of Mr. Chaganti's inability to comply with deadlines and local rules of court. (<u>See</u> Doc. 31 (failed to submit a case management plan, as required by local rules, and purportedly refused to comply with certain discovery requests, and refused to cooperate with opposing counsel to resolve discovery dispute as required by case management order); Doc. 40 (failed to seek leave of court before filing additional documents, in violation of local rules); Doc. 42 (failed to file a separate and concise statement of material facts, as required by Local Rule 56.1); Doc. 54 (failed to file a brief in support of pending motion, as required by Local Rule 7.5); Docs. 61, 71 (failed to secure associate counsel, as required by Local Rule 83.12); Docs. 68, 72 (failed to hold mandatory pretrial conference with opposing counsel, as required by Local Rule 16.3(b)); Docs. 68, 112 (failed to submit exhibit list with pretrial memorandum, as required by local rules and standing order); Docs. 83, 84, 112 (failed to arrive timely for pretrial conference); Docs. 84, 112 (failed to be prepared and to provide opposing counsel with exhibits at pretrial conference in violation of court order); Docs. 51, 78 (failed to file timely motion *in limine*); Docs. 51, 85 (failed to file timely proposed *voir dire*); Docs. 51, 92 (failed to file timely proposed jury instructions); Doc. 72 (failed to meet and confer with opposing counsel, as required by local rules); Doc. 99 (filed motion to strike jury instructions disregarding court's instructions (twice) that arguments would be heard at an in-chambers charge conference); Doc. 102 at 12 (improperly raised objections to jury instructions in motion *in limine*); Doc. 102 at 12 (improperly raised motion for reconsideration as motion *in limine*); Doc. 107 (failed to appear timely for trial); Doc. 109 (disregarded court's warnings and acted in a manner which resulted in mistrial); Doc. 156 (failed to comply with order of court directing that affidavit be filed on or before date certain); Docs. 157, 161 n.2 (failed to file timely affidavit); Docs. 159, 161 (failed to file certificate of concurrence or nonconcurrence); Doc. 161 (failed to retain new associate counsel in a timely fashion); Docs. 167, 168 (failed to request discovery conference call before filing motion, as required by case management order); Doc. 165, 169 (filed untimely motions for reconsideration); Docs. 175 (failed to comply with court orders directing to file notice of associate counsel); Doc. 177 (failed to file timely appropriate response); Doc. 196 (filed documents after court ordered stay of all proceedings); Doc. 211 (filed documents on behalf of plaintiff despite court order prohibiting same); Doc. 214 (filed motions for reconsideration disguised as reply to affidavit of costs, in direct violation of court order); Docs. 243, 244, 245, 246, 247 (filed documents on behalf of plaintiff in violation of court order); Doc. 192 at 4 n.6 (failed to file timely motion in limine); Doc. 239 (failed to comply with order directing him to pay to defendant costs associated with mistrial and to file proof thereof with the court).

Trustees of N.J Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir.

1994) ("Extensive or repeated delay or delinquency constitutes a history of

dilatoriness, such as . . . consistent tardiness in complying with court orders."). Mr.

Chaganti's actions have prolonged this case unnecessarily. Cases such as this

"clog" the courts and "interfere with the ability of diligent litigants to obtain

prompt judicial resolution of their disputes." Mindek, 964 F.2d at 1374.

Accordingly, this factor weighs heavily in favor of granting the defendant's motion.

With respect to the fourth factor—whether the conduct of the party or

attorney was willful or in bad faith—the court previously concluded that Mr.

Chaganti acted in willful disregard of several orders of court prohibiting him from

filing documents as counsel of record. He then flouted these orders by affixing

Attorney Husain's name to the December 19, 2005 document. The flagrant nature

of these violations weighs heavily in favor of granting defendant's motion.

The fifth factor requires the court to examine alternative sanctions. Under

the present circumstances, the court concludes that alternative sanctions would be

ineffective to dissuade Mr. Chaganti. Monetary sanctions have proven insufficient

to deter Mr. Chaganti's conduct, and he has yet to comply with the February 2006

order directing him to file proof of payment of defendant's attorney fees related to

the mistrial. Cf. Guy v. City of Wilmington, 169 F.R.D. 593, 597 (D. Del. 1996)

(holding that alternative sanctions would be ineffective to cure plaintiff's

delinquency where plaintiff was attorney who was prosecuting his own case in

dilatory manner). Moreover, this is a breach of contract case and factual

admissions (as a sanction) are not a viable alternative.  Any material admissions would inevitably result in a Rule 50 judgment in favor of the defendant.

An analysis of the sixth factor—the merits of this case—suggests that plaintiff has a plausible claim.  However, the absence of the key employee-witness[16] hinders plaintiff's case-in-chief.  In addition, opposing counsel has raised a *prima facie* defense to plaintiff's claims.  See <u>Adams</u>, 29 F.3d at 876-77 ("Where a plaintiff makes out a prima facie case, but the defendant raise a *prima facie* defense, the [meritoriousness] factor may not weigh in favor of plaintiff.").  Accordingly, this factor is neutral, at best.

Assessing all of the <u>Poulis</u> factors, the court finds that dismissal of this case, with prejudice, is warranted.

**III.** **<u>Conclusion</u>**

This case has been pending for over four years and consumed considerable judicial time and resources.  Mr. Chaganti's repeated and flagrant violations of rules and orders have, time and again, needlessly prolonged the logical conclusion of this matter.  The court has been very patient with Mr. Chaganti, but Sisyphus it is not.  Defendant's motion to dismiss this case with prejudice will be granted.

An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:  August 15, 2006

---

[16] See <u>supra</u> note 2.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNAR SOFTWARE CORPORATION,** | : | **CIVIL ACTION NO. 1:02-CV-0413** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FORTUNE 500 SYSTEMS, LTD.,** | : | |
| | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

AND NOW, this 15th day of August, 2006, upon consideration of defendant's

motion to dismiss and for sanctions (Doc. 229), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.    The motion to dismiss and for sanctions (Doc. 229) is GRANTED to the extent that the above-captioned action is DISMISSED with prejudice. <u>See</u> FED. R. CIV. P. 41(b).

2.    The motion to dismiss and for sanctions (Doc. 229) is otherwise DENIED.

3.    The Clerk of Court is directed to CLOSE this case.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge